# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| RICHARD J. KOPPEL,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BONTA et al.,<br><br>Defendants. | No. SA CV 23-813-GW (DFM)<br><br>CASE MANAGEMENT AND SCHEDULING ORDER |

## I. DISCOVERY

Discovery is the process by which the parties request information from each other about their claims and defenses. A party may serve interrogatories (written questions), requests for admissions of facts, and document requests in compliance with the Federal Rules of Civil Procedure. A party may also conduct depositions, which are question-and-answer sessions recorded by a court reporter. Each party must bear the cost of conducting discovery. The Court is not involved in the discovery process; Rule 5(d) prohibits filing discovery with the Court unless required for use in a proceeding or motion.

### A. Discovery Cutoff Date

All discovery in this action – including expert discovery – must be completed by or before December 1, 2023. The parties are encouraged to serve discovery requests promptly to ensure the completion of depositions,

production of records, and return of other written discovery by that date. No discovery may be conducted after that date without prior approval of the Court for good cause shown.

### B. Availability of Discovery

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. See Fed. R. Civ. P. 26(b)(1). Pro se litigants are entitled to discovery in civil rights actions to the same extent as are litigants represented by counsel. Of course, the court may order a complete or partial stay of discovery in appropriate circumstances, including where a defense of qualified immunity is raised.

### C. Written Discovery

All written discovery (interrogatories, requests for production of documents, and requests for admissions) shall be served at least forty-five (45) calendar days before the discovery cut-off date.

### D. Depositions

Any deposition shall be scheduled to commence at least fourteen (14) calendar days after service of the deposition notice and at least five (5) court days before the discovery cut-off date. Pursuant to Fed. R. Civ. P. 30(a)(2), leave of Court is hereby given to depose Plaintiff, if Plaintiff is confined in prison.

## II. MOTIONS

### A. Discovery Motions

Discovery motions must be filed and served by or before January 5, 2024.

### B. Substantive Motions

All other motions, including motions for summary judgment, must be filed and served by or before February 5, 2024. If all parties are represented by

counsel, or if a party proceeding pro se is not in custody, the regular Local Rules governing the noticing and briefing of motions shall apply. See Local Rules 7, 56. If any party to the action is in custody and proceeding pro se, no hearing date will be set. Any opposition to the motion shall be filed and served within twenty-one (21) calendar days after service of the motion and any reply must be filed and served within fourteen (14) days from service of the opposition, unless otherwise ordered by the Court. The motion shall be deemed submitted for decision without oral argument unless otherwise ordered by the Court.

The failure to file a timely opposition to a motion may constitute that party's consent to relief sought pursuant to Local Civil Rule 7-12 and/or result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**C.**   **Notice Relating to Motions for Summary Judgment**

The text of Federal Rule of Criminal Procedure 56 and Local Rule 56 are attached to this Order. The parties are advised to read and become familiar with these rules. A motion for summary judgment, if granted by the court, ends the case without a trial.  In other words, for example, if the court grants defendant's motion for summary judgment, plaintiff will lose and the case will be over.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out

specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(3), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

### III.   CASE MANAGEMENT REPORT

Each party shall file and serve a Case Management Report on or before October 2, 2023. The Case Management Report must contain the following information: (a) a brief description of the factual and legal issues raised in this case; (b) a statement of the parties' discovery plans, including the completion of discovery to date, anticipated discovery to be conducted before the cut-off date, and any disputes / motions likely to be presented to the Court; (c) a description of any motions that the parties anticipate filing -- if the defense does not intend to file a case-dispositive motion, this information should be included; (d) the number of witnesses anticipated to testify at trial, and the nature of any expert witness testimony; (e) the parties' time estimate for trial, and whether the matter will be a jury or bench trial; (f) an explanation of the likelihood of settlement, and a statement of anticipated settlement or mediation methods to be used before trial; and (g) any other information that the parties deem important to bring to the Court's attention.

### IV.   COMPLIANCE WITH RULES

All parties must comply with the Federal Rules of Civil Procedure and the Local Civil Rules of the Court. All counsel and pro se parties are bound by Federal Rule of Civil Procedure 11, including the provision allowing the Court to impose sanctions for violations of those rules.

If Plaintiff is in custody and proceeding pro se, the parties do not need to comply with the following Local Rules: Rules 7-3, 7-14, and 7-15 (regarding pre-filing conference and appearances at hearing); Rules 16-2 and 16-7 (Defendants must prepare the pretrial conference order in good faith); Rule 26-1 (discovery conference); and Rules 37-1, 37-2, and 37-3 (joint discovery motions).

If Plaintiff is pro se, it is Plaintiff's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Plaintiff fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows: **A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.**

IT IS SO ORDERED.

Date: July 3, 2023

DOUGLAS F. McCORMICK
United States Magistrate Judge

## FEDERAL RULE OF CIVIL PROCEDURE 56

(a) **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) **Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) **Procedures.**

(1) **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) **Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) **Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

(4) **Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

    (3) issue any other appropriate order.

  (e) **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    (1) give an opportunity to properly support or address the fact;

    (2) consider the fact undisputed for purposes of the motion;

    (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

    (4) issue any other appropriate order.

  (f) **Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

    (1) grant summary judgment for a nonmovant;

    (2) grant the motion on grounds not raised by a party; or

    (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

  (g) **Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

  (h) **Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

# LOCAL CIVIL RULE 56

**L.R. 56-1 Documents Required From Moving Party.** A party filing a notice of motion for summary judgment or partial summary judgment shall lodge a proposed "Statement of Uncontroverted Facts and Conclusions of Law." Such proposed statement shall set forth the material facts as to which the moving party contends there is no genuine dispute. A party seeking summary judgment shall lodge a proposed Judgment; a party seeking partial summary judgment shall lodge a proposed Order.

**L.R. 56-2 Statement of Genuine Disputes of Material Fact by Opposing Party.** Any party who opposes the motion shall serve and file with the opposing papers a separate document containing a concise "Statement of Genuine Disputes" setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated.

**L.R. 56-3 Determination of Motion.** In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the "Statement of Genuine Disputes" and (b) controverted by declaration or other written evidence filed in opposition to the motion.