1  ROB BONTA
   Attorney General of California
2  R. MATTHEW WISE
   Supervising Deputy Attorney General
3  NICOLE J. KAU
   Deputy Attorney General
4  State Bar No. 292026
      300 South Spring Street, Suite 1702
5     Los Angeles, CA  90013-1230
      Telephone:  (213) 269-6220
6     Fax:  (916) 731-2125
      E-mail:  Nicole.Kau@doj.ca.gov
7  *Attorneys for Defendant Attorney General Rob Bonta*

8  LEON J. PAGE, COUNTY COUNSEL
9  CAROLYN KHOUZAM, DEPUTY
   State Bar No. 272166
10 and KAYLA N. WATSON, DEPUTY
   State Bar No. 286423
11 400 W. Civic Center Drive, Suite 202
   Post Office Box 1379
12 Santa Ana, California 92702-1379
   Telephone: (714) 834-3300
13 Facsimile: (714) 834-2359
   Email: kayla.watson@coco.ocgov.com
14 *Attorneys for Defendant
   Don Barnes, Orange County Sheriff-Coroner*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD J. KOPPEL,** | 8:23-cv-00813 (C.D. Cal.) |
| Plaintiff, | **DEFENDANTS' JOINT EX PARTE APPLICATION FOR A STAY OF ALL PROCEEDINGS** |
| v. | |
| **ROBERT BONTA, in his official capacity as Attorney General of the State of California, DON BARNES, in his official capacity as the Sheriff-Coroner of the County of Orange, State of California, and DOES 1-10,** | Courtroom: 9D<br>Judge: The Honorable George Wu<br>Trial Date: None Set<br>Action Filed: May 9, 2023 |
| Defendants. | |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Rob Bonta, in his official capacity as the Attorney General of the State of California, and Defendant Don Barnes, in his official capacity as Sheriff-Coroner of the County of Orange (collectively, "Defendants"), will and hereby do bring this ex parte Application pursuant to Local Rules 7-19 and 7-19.1 for: (1) an order granting a stay of all proceedings, including discovery and briefing on the preliminary injunction, until at least October 16, 2023, and the deadlines in the court's case management and scheduling order is extended by 90 days or (2) in the alternative, an order continuing the hearing on Plaintiff's motion for a preliminary injunction from September 12, 2023, to October 17, 2023. The basis for this ex parte request is that the California Legislature is considering Senate Bill 2 (SB 2), which if approved, will be signed by the Governor by October 14, 2023, and effective on January 1, 2024. SB 2 would modify California's concealed carry weapon (CCW) licensing requirements, which are directly at issue in this case.

This Application is based upon the Memorandum of Points and Authorities, the Declaration of Nicole Kau, the files and records in this matter, and any other documents or argument that may be submitted prior to or at any hearing on this Application. In addition, this Application is made after notifying Plaintiff on August 15, 2023, of Defendants' intent to bring this ex parte Application.

///
///
///
///
///
///
///

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 17, 2023 | Respectfully submitted, |
| 3 | | ROB BONTA<br>Attorney General of California |
| 4 | | R. MATTHEW WISE<br>Supervising Deputy Attorney General |
| 5 | | /s/ NICOLE J. KAU |
| 6 | | NICOLE J. KAU<br>Deputy Attorney General |
| 7 | | *Attorneys for Defendant Attorney General Rob Bonta* |
| 8 | | |
| 9 | Dated: August 17, 2023 | By   */s/ Kayla N. Watson*<br>      Kayla N. Watson |
| 10 | | |
| 11 | | Attorneys for Defendant<br>DON BARNES, ORANGE COUNTY SHERIFF-CORONER |
| 12 | | |
| 13 | SA2023302914<br>66129152.docx | |

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff's Complaint alleges constitutional challenges to California's current licensing standards for a concealed carry weapon (CCW) license. Significant revisions to those standards are proposed in pending legislation, Senate Bill 2 (SB 2), the enactment of which will be determined by October 14, 2023 (the deadline for the Governor to sign bills this year). SB 2 was proposed as a response to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), a United States Supreme Court decision that called into question certain provisions in the CCW licensing framework of seven states, including California.

Because SB 2 is likely to modify the CCW licensing scheme directly at issue in this case, Defendants seek a brief two-month stay of the proceedings, including discovery and briefing on the preliminary injunction, until October 16, 2023, the next business day after the Governor has signed (or vetoed) all pending bills this year. SB 2, if enacted, will significantly narrow the issues in this matter and clarify the parties' burdens and defenses. Thus, a short stay would support efficient use of the Court's resources by ensuring that the parties avoid litigating a statutory framework that is likely to be superseded in just a few months.

Accordingly, Defendants request that the Court issue an order:

1. Staying all proceedings in this action, including discovery and briefing on Plaintiff's motion for a preliminary injunction, until October 16, 2023; and
2. Extending the deadlines in the Court's Case Management and Scheduling Order, ECF No. 15, by 90 days.
3. In the alternative, should the Court decline to issue a stay, Defendants request that the Court continue the September 12, 2023 preliminary injunction hearing injunction to October 17, 2023, when it will be known if SB 2 is signed into law and to allow Defendants sufficient time to prepare their response to the motion.

**BACKGROUND**

**I.  PROCEDURAL BACKGROUND**

Plaintiff was denied a CCW license by the Orange County Sheriff's Department for lack of good moral character, and filed this action against Don Barnes, the Sheriff-Coroner of Orange County, and the California Attorney General.  He alleges violations of the Second, Fifth, and Fourteenth Amendment based on the CCW licensing standards.[1]  Specifically, he challenges the licensing requirement (ECF No. 1, Compl., ¶¶ 48-52, first cause of action), the fees associated with the CCW application (*id.*, ¶¶ 53-55, second cause of action), and the lack of an appeal procedure and the psychological testing requirement (*id.* ¶¶ 56-60, third cause of action).  In his prayer for relief, Plaintiff also seeks an injunction and declaratory relief regarding the good moral character and good cause requirement for a CCW license, among other requests.  *Id*, Prayer for Relief, ¶¶ 10-13.

Defendant Barnes, the Sheriff-Coroner of Orange County, answered on June 26, 2023 (ECF No. 12) and Defendant Bonta, Attorney General for the State of California, answered on June 27, 2023 (ECF No. 13).  The Court issued a Case Management and Scheduling Order on July 5, 2023, setting deadlines for discovery, discovery motions, substantive motions, and the case management report. ECF No. 15.

Counsel for Defendants met and conferred with Plaintiff over multiple e-mails sent between July 10, 2023, and July 20, 2023, as well as on a phone call held on July 12, 2023, to discuss Plaintiff's willingness to stipulate to a stay. Kau Decl., ¶ 2. Plaintiff declined to stipulate to a stay. *Id.*

///

---

[1] The CCW licensing requirement is codified in California Penal Code section 26150 et seq.  The prohibition to carry a concealed weapon and exceptions are codified in California Penal Code sections 25400 and 25655 et seq., respectively.

5

1  Plaintiff served requests for production of documents and special
2  interrogatories on Defendants on July 19, 2023. Kau Decl., ¶ 3. Thereafter,
3  Plaintiff filed a motion for a preliminary injunction on August 14, 2023, with a
4  hearing set for September 12, 2023. ECF No. 19. On August 15, 2023, counsel for
5  the Attorney General met and conferred with Plaintiff to discuss Plaintiff's
6  willingness to continue the hearing on the preliminary injunction motion. Kau
7  Decl., ¶ 4. Plaintiff declined to stipulate to a continuance. *Id*. However, shortly
8  after that phone call, Plaintiff sent an email to Defendants' counsel, offering a two-
9  week extension for Defendants' briefs. Counsel for the Attorney General
10 responded, informing him of the ex parte Application and the need for more time to
11 adequately respond to the motion given the substance of the case and because of
12 other imminent deadlines. *Id.*, ¶¶ 4-5.

## II. *Bruen* AND SB 2

Last summer, the United States Supreme Court struck down a provision of New York's licensing scheme that required an applicant to show "proper cause"—a special need for self-protection greater than that of the general community. *Bruen*, 142 S. Ct. 2111, 2156. This provision was similar to California's "good cause" provision, and stood in contrast to laws in other states requiring that licensing officials "shall issue" a license as long as certain threshold requirements are met. *Id.* at 2123, 2156 (criticizing New York's framework that gives discretion to licensing officials to deny licenses based on perceived lack of need or suitability).

In light of *Bruen*, SB 2 was introduced and is now being considered by the California Legislature.[2] SB 2 was approved by the Senate on May 25, 2023, and was re-referred to the Assembly Appropriations Committee as of June 27, 2023. (Kau Decl. ¶ 6, Exh. B at 1.) According to the California State Assembly's Legislative Deadlines for 2023, the last day for each house to pass this (or any

---

[2] Last August, the predecessor bill to SB 2, Senate Bill 918, narrowly missed the two-thirds threshold required to be enacted as an urgency statute.

other) bill is September 14, 2023, and the last day for the Governor to sign or veto bills is October 14, 2023. (*Id.*, ¶ 7, Exh. C at 4.)

The latest version of SB 2 modifies California's CCW licensing scheme. (*Id.*, ¶ 8, Ex. D, §§ 10-11.) It removes the good moral character and good cause requirements, *id.*, states that the results of any psychological assessment can be considered as part of the analysis in determining whether an applicant may be disqualified from receiving a CCW license, *id.*, § 21, and adds an appeal procedure regarding the denial of an application or license renewal application, *id.*, § 23. In short, SB 2 makes substantial changes to the CCW licensing standards that are directly at issue in this matter.

## ARGUMENT

### I. THE COURT HAS DISCRETION TO ISSUE A BRIEF STAY

A district court has the discretion to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power is "incidental to the power inherent in every court to control the disposition of the causes on tis docket with economy of time and effort for itself, for counsel and for litigants." *Id.*; *accord Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

When determining whether a stay should be issued:

> [T]he competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 268).

The factors here weigh strongly in favor of a stay.

## II. A BRIEF STAY WOULD PROMOTE EFFICIENCY AND CONSERVE JUDICIAL AND PARTY RESOURCES

Defendants request a short stay of two months, to October 16, 2023. By October 14, 2023, it will be clear whether SB 2 has modified California's CCW licensing scheme, which is directly at issue here. SB 2's enactment would narrow and clarify the issues raised in the Complaint, especially the good moral character requirement (Compl., Prayer for Relief, ¶¶ 10-11), good cause requirement (*id.*, Prayer for Relief, ¶¶ 12-13), psychological assessment (Compl., ¶¶ 56-50), and appeal procedure (*id.*). Accordingly, a stay will conserve judicial resources and prevent the parties from litigating issues that are likely to become moot in the next 60 days.

A short, two-month stay will nominally prejudice Plaintiff, if at all. While a stay may delay the Court in ruling on Plaintiff's claims, litigating over a law that is likely to be modified in the next 60 days would not conclusively resolve Plaintiff's claims. Rather, a stay will preserve judicial resources and prevent any risk of rulings by this Court from being affected by SB 2 enactment. A stay is thus warranted. *E.g., Fahr v. City of San Diego,* No. 21CV1676-BAS (BGS) 2022 WL 2918910, at *2 (S.D. Cal. July 25, 2022) (granting stay until the Ninth Circuit resolved an appeal that was directly at issue in the case, stating that it is in the best interests of the Court and the parties to avoid any risk of having to retry the issues); *Reynolds v. Cty. of San Diego*, No. 11CV1256-JAH (AGS), 2017 WL 3582953, at *7 (S.D. Cal. Aug. 18, 2017) (granting stay of six months to protect defendants from hardship of litigating issues that were likely to become clarified by future events).

### III. GOOD CAUSE EXISTS TO GRANT DEFENDANTS' EX PARTE APPLICATION

When an application demonstrates good cause, a court is justified in granting ex parte relief. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 489 (C.D. Cal. 1995). A procedural order that cannot be obtained through a regularly noticed motion is an instance when the use of an ex parte application is justified. *Horne v. Wells Fargo Bank, N.A.*, 969 F.Supp.2d 1203, 1205 (C.D. Cal. 2013) (citing *Mission Power, supra,* at 490).

Good cause exists here to grant Defendants' ex parte application. Ex parte relief is necessary because the relief that Defendants seek cannot be timely granted if brought by way of a regularly noticed motion. Moreover, a brief, two-month stay will preserve the resources of this court, counsel, and the parties, and will not put any decision rendered by this court at risk of being mooted by the enactment of SB 2. At a minimum, a short stay will narrow the issues in this matter and further clarify the parties' burdens and defenses.

### IV. IN THE ALTERNATIVE, A BRIEF CONTINUANCE OF THE PRELIMINARY INJUNCTION HEARING IS WARRANTED

If the Court does not grant a stay, Defendants seek additional time to file their opposition to Plaintiff's motion for a preliminary injunction. A brief continuance will allow Defendants to effectively present the significant constitutional issues to the Court given the revised test for Second Amendment claims set forth by *Bruen*, and will aid the Court in adjudicating the numerous issues raised in the motion. In addition, holding the hearing after the date that SB 2 would be enacted diminishes the risk of having to rehear the motion. An extension is further warranted because counsel for Defendant Bonta has imminent deadlines in other litigation matters,

///

///

///

such as other briefs and memorandum due on August 18, 2023, August 24, 2023, and October 2, 2023.  Kau Decl., ¶ 5.[3]

Accordingly, good cause exists to continue the preliminary injunction hearing to October 17, 2023.

## CONCLUSION

For the reasons stated herein, Defendants' ex parte Application should be granted.

Dated:  August 17, 2023                              Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General

/s/ NICOLE J. KAU
NICOLE J. KAU
Deputy Attorney General
*Attorneys for Defendant Attorney General Rob Bonta*

Dated:  August 17, 2023                              By    */s/ Kayla N. Watson*
                                                                    Kayla N. Watson

Attorneys for Defendant
DON BARNES, ORANGE COUNTY SHERIFF-CORONER

---

[3] No prior continuance has been requested regarding the motion for preliminary injunction.  Kau Decl. ¶ 5.

# CERTIFICATE OF SERVICE

Case Name: **Koppel, Richard James v. Robert Bonta, et al.**  No. **8:23-cv-00813 (C.D. Cal.)**

I hereby certify that on <u>August 17, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## DEFENDANTS' JOINT EX PARTE APPLICATION FOR A STAY OF ALL PROCEEDINGS

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>August 17, 2023</u>, at Los Angeles, California.

| Libby Tecson | */S/ Libby Tecson* |
|---|---|
| Declarant | Signature |

SA2023302914
66168248.docx