1  RICHARD J. KOPPEL-SBN 94045
2  32 Bellvista
3  Lake Forest, CA 92610
   Tel.: (949) 690-7242
4  Email: richardkoppel16@att.net
5  Pro Se

6

7

8              UNITED STATES DISTRICT COURT

9     CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

11

12  RICHARD J. KOPPEL,                    CASE NO. 8:23-CV-00813-GW-DFM

13              Plaintiff,

14                                        OPPOSITION TO DEFENDANTS'
                                          JOINT EX PARTE APPLICATION
15  v.                                    FOR A STAY OF ALL
                                          PROCEEDINGS
16

17  ROBERT BONTA, in his official         L.R. 7-19 & 7-19.1
    capacity as Attorney General of the State
18  of California, DON BARNES, in his
    official capacity as the Sheriff - Coroner
19  of Orange County, State of California,
    and DOES 1 – 10.
20

21              Defendants.               Judge:  The Honorable George Wu
22                                        Courtroom: 9B
                                          Trial Date: None Set
23                                        Complaint Filed: May 9, 2023
24

25

26      TO ALL PARTIES, THEIR ATTORNEY OF RECORD, AND TO THIS

27  HONORABLE COURT.  Plaintiff Pro Se gives notice that he does and will

28

oppose Defendants' Joint Ex Parte Application for a Stay of All Proceedings (hereafter called "the Application") and does so on the following grounds.

## NOTICE ISSUES

1. This Application is set before the Honorable George Wu, but it was **referred to Magistrate Judge Douglas F. McCormack**.

2. The Application says it is based on "the Declaration of Nicole Kau". I have received no such Declaration. There is none on the ECF system. See the addendum at the bottom of this Opposition.

3. I received no oral notice of the date of this Ex Parte Application, though such is required by Local Rule 7.19.1(a).

## INTRODUCTION

Besides the above three notice issues, this Ex Parte should be denied for a few good reasons, of which it is difficult to say which is the strongest reason for denial, excluding the notice issues.

The first is there is no good reason for this matter to heard ex parte. This motion isn't about needing time to respond to the motion for a preliminary injunction, but avoiding fair discovery requests, to which responses are due this

coming Monday; responses sorely needed by Plaintiff as one of their main targets is to learn the true reasons for the treatment of his three applications.

This is no more than a naked attempt to delay a fair adjudication of Constitutional claims, claims that will not be mooted by passage of SB 2 in any shape or form, as Defendants were advised by my email shortly following the meet and confer supposedly referred to in ¶2 of the Kau Decl.  The Decl. that as of the time of this writing I have yet to receive.  Attached as Exhibit A to the Declaration of Richard J. Koppel filed herewith is a copy of the memo sent to the moving parties, but just one of those clearly deflates their claim that SB 2, if it passes, will moot Plaintiff's claims.

Plaintiff's complaint clearly will not be mooted.

> "[I]t is widely recognized that a claim for nominal damages precludes mootness."  *N.Y. State Rifle & Pistol Ass'n v. City of N.Y.*, 140 S. Ct. 1525, 1536 (2020) (Alito, J., dissenting). "When a plaintiff 's constitutional rights have been violated, nominal damages may be awarded without proof of any additional injury." Id. at 1535.

Also see Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville

Defendants well know that in the unlikely event that SB2 passes the Assembly before its September 12 deadline, it absolutely, positively, will not moot Plaintiff's claim regarding mandatory psychological testing.  Such is kept with the exception that there is no cap on the fee that an applicant may be charged. Sec. 18 amends Penal Code §26190 by dropping §26190(f) and replacing it with (e):

> If a psychological assessment on the initial application is required by the licensing authority, the license applicant shall be referred to a licensed psychologist acceptable to the licensing authority. The applicant may be charged for the actual cost of the assessment. In no case shall the amount charged to the applicant for the psychological assessment exceed the reasonable costs to the licensing authority.

While Defendants claim that Senate Bill 2 does away with Good Moral Character, it continues to empower licensing authorities to exercise wide discretion to determine whether an applicant is to be deemed a "disqualified person". See Section 26202, which would be added to the Penal Code:

> **26202.** (a) Unless a court makes a contrary determination pursuant to Section 26206, an applicant shall be deemed to be a disqualified

person and cannot receive or renew a license pursuant to Section 26150, 26155, or 26170 if the applicant:

(1) Is reasonably likely to be a danger to self, others, or the community at large, as demonstrated by anything in the application for a license or through the investigation described in subdivision (b), or as shown by the results of any psychological assessment, including, but not limited to, the assessment described in subdivision (e) of Section 26190.

In summary, this ex parte is not being brought in the best good faith.  Its purpose is to evade providing discovery that should allow Plaintiff to prove the real reasons for his denial of his Second Amendment rights and his rights of Due Process of law.

There is little else that can be said, given that Defendants:

(a) set this motion with the Honorable Judge Geroge Wu instead of Magistrate Judge Douglas F. McCormick,

(b) Defendants partly base their ex parte on a Declaration they failed to serve, and which telephonic an email request for a copy have been ignored, and

(c) Defendants failed to comply with Local Rule 7.19.1 and make any attempt to give oral notice of the date and substance of this application.

**L.R. 7-19.1 Notice of Application.**  It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

**Addendum.**  Just as I was about to send this I received email from Attorney Kau in which she said everything was filed on ECM, she went it to me this morning over a Department of Justice system that advised me I was subject to criminal prosecution if I wasn't a Department employee.  Since it is unclear to me if Judge Wu or Magistrate Judge McCormick will be ruling on this, and I understand that Magistrate Judge gives no longer than 12:00 pm before ruling, I have to file as is.

Respectfully submitted,

Dated: August 18, 2023

_____/s/_____

Richard J. Koppel