UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV 23-00813-GW (DFM) | Date: | August 21, 2023 |
| Title | Richard J. Koppel v. Robert Bonta et al. | | |

| | |
|---|---|
| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Plaintiff's Ex Parte Application for Stay (Dkt. 23)

    Defendants filed an ex parte Application for an order granting a stay of all proceedings until at least October 16, 2023, or, in the alternative, an order continuing the hearing on Plaintiff's motion for a preliminary injunction from September 12, 2023 to October 17, 2023. See Dkt. 23.

    Defendants argue that a stay is warranted while the California Legislature considers SB2, which would modify California's CCW licensing scheme, which is at the heart of Plaintiff's Complaint and motion for preliminary injunction. See id. SB 2 was approved by the Senate on May 25, 2023, and was re-referred to the Assembly Appropriations Committee as of June 27, 2023. See id. at 6; Kau Decl. ¶ 6, Ex. B. Per the California State Assembly's Legislative Deadlines for 2023, the last day for each house to pass SB 2 is September 14, 2023, and the last day for the Governor to sign or veto bills is October 14, 2023. Kau Decl. ¶ 7, Ex. C. Plaintiff opposed, arguing that the Application is a way to "avoid[] fair discovery requests" and that SB 2, even if passed, will not moot all of his claims. See Dkt. 24.

    The court has broad discretion to stay proceedings. See Landis v. N. American Co., 299 U.S. 248, 254 (1936). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009). Courts traditionally consider four factors in deciding whether to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434 (citation omitted). Courts use a flexible "sliding scale" approach, "so that a stronger showing of one element may offset a weaker showing of another." Leiva-Perez v. Holder, 640 F.3d 962, 964-66 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

A stay is not warranted in this matter. Defendants will suffer little to no prejudice by having to respond to discovery requests while the fate of SB 2 is decided. However, a short continuance of the preliminary injunction hearing is warranted. Accordingly, the Court continues the hearing on Plaintiff's motion for preliminary injunction to October 17, 2023, at 10:00 a.m. If SB 2 passes, the Court is likely to ask for supplemental briefing before making a recommendation to the district judge about the preliminary injunction motion. See Dkt. 4; see also 28 U.S.C. § 636(b)(1)(B) (providing that magistrate judge may be designated to submit to district judge proposed findings of fact and recommendations for the disposition of motion for injunctive relief).