LEON J. PAGE, COUNTY COUNSEL
CAROLYN KHOUZAM, DEPUTY – State Bar No. 272166
and KAYLA N. WATSON, DEPUTY – State Bar No. 286423
400 W. Civic Center Drive, Suite 202
Post Office Box 1379
Santa Ana, California 92702-1379
Telephone: (714) 834-3300
Facsimile: (714) 834-2359
Email: kayla.watson@coco.ocgov.com
       carolyn.khouzam@coco.ocgov.com

Attorneys for Defendant
DON BARNES, ORANGE COUNTY SHERIFF-CORONER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| RICHARD J. KOPPEL, | Case No. 8:23-cv-00813-GW-(DFM) |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT REPORT AND JOINT RULE 26(f) REPORT** |
| ROBERT BONTA, in his capacity as Attorney General of the State of California, DON BARNES, in his official capacity as the Sheriff-Coroner of the County of Orange, State of California, and DOES 1-10. | |
| | Courtroom: 6B |
| | Judge: The Honorable Douglas F. McCormick |
| Defendant. | Trial Date: None set |
| | Action Filed: May 9, 2023 |

The Parties to the above-captioned matter, by their undersigned counsel, hereby submit this Case Management Report and Joint Rule 26(f) Report ("Case Management Report") in accordance with the Court's Case Management and Scheduling Order, ECF No. 15, and the Federal Rules of Civil Procedure ("FRCP") 26(f). The Parties

- 1 -
JOINT CASE MANAGEMENT REPORT AND JOINT RULE 26(f) REPORT

exchanged emails and held a telephone conference on August 30, 2023, in preparing this Case Management Report.

## I. Description of the Case

**Plaintiff's Statement of the Case:**

Plaintiff challenges the denial of a right to public carry a pistol for lawful purposes, including self-defense of himself and his wife. California does not provide any means by which Plaintiff might apply for a license to open carry and only provides a means by which Plaintiff to make application for a concealed carry license under *California Penal Code* §26150. §26150 permits the sheriffs of counties with populations under 200,000 to issue open carry permits to persons applying for a CCW. Orange County's population is well over 199,999.

Plaintiff's first and second application for a CCW was denied on the ground that proof had not been made that he was a person of "good moral character" ("GMC").

Plaintiff is attempting to discover the standard that Orange County Sheriff's Department applied when it found insufficient proof of GMC. That and who bore the burden of producing evidence that the standard had been met. Plaintiff complains of a denial of Due Process from that lack of definition. California's weapons laws are devoid of any definition, not even a hint, of GMC. It appears that this absence of definition enabled the Orange County Sheriff's Department to exercise broad discretion to label Plaintiff a person without GMC.

Briefly, Plaintiff is a 75-year-old family man who has been married for over 40 years. He and his wife have two grown children; a paralegal and an M.D. He has been a member of the California Bar since 1980, though he has taken inactive status due to retirement. He is an honorably discharged veteran of the Vietnam War. Plaintiff contends that amounts to proof of good moral conduct, and especially since he had to drop out of high school to get free of a dangerous family environment.

It isn't true that Plaintiff failed to comply with the psychological testing requirement. OCSD's psychologist refused to test Plaintiff because he would not sign

documents that Plaintiff suspected may be harmful. Plaintiff does contend that the purported psychological testing law only authorizes the fee that may be charged but such testing was never enabled. ECF No. 1, Compl., ¶ 42.

Plaintiff contends that the denial of a right of appeal and the refusal of OCSD to tell him the reasons he was not found to be of GMC violated rights of due process.

Defendants made a joint request that the parties stipulate a stay of proceedings on the grounds that the passage of SB2 will moot Plaintiff's case. Given the existence of damages, the irreparable injury from a Constitutional violation, and the failure of SB2 to address these violations, its passage moots nothing.

**Defendants' Statement of the Case:**

Plaintiff was denied a Concealed Carry Weapon ("CCW") license two times by the Orange County Sheriff's Department for lack of good moral character. After he applied a third time and failed to comply with the psychological testing requirement, Plaintiff filed this action against Don Barnes, the Orange County Sheriff-Coroner, ("Defendant OCSD") and Rob Bonta, the California Attorney General ("Defendant Bonta"). Plaintiff alleges violations of the Second, Fifth, and Fourteenth Amendment based on California's CCW licensing standards. Specifically, he challenges the licensing requirement (ECF No. 1, Compl., ¶¶ 48-52, first cause of action), the fees associated with the CCW application (*id.*, ¶¶ 53-55, second cause of action), and the lack of an appeal procedure and the psychological testing requirement (*id.* ¶¶ 56-60, third cause of action). In his prayer for relief, Plaintiff also seeks an injunction and declaratory relief regarding the good moral character and good cause requirement for a CCW license, among other requests. *Id*, Prayer for Relief, ¶¶ 10-13.

On August 14, 2023, Plaintiff filed a motion for a preliminary injunction, which is set for hearing on October 17, 2023. ECF No. 26. Like Plaintiff's complaint, the motion challenges California's current CCW licensing standards. Significant revisions to those standards are proposed in pending legislation, Senate Bill 2, the enactment of which will be determined by October 14, 2023 (the deadline for the Governor to sign or

- 3 -
JOINT CASE MANAGEMENT REPORT AND JOINT RULE 26(f) REPORT

veto bills this year). SB 2 was proposed as a response to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), a United States Supreme Court decision that called into question certain provisions in the CCW licensing framework of seven states, including California. SB 2, if enacted, will significantly narrow the issues in this matter and clarify the Parties' burdens and defenses.

## II. Nature of Discovery and Timeline for Discovery and Pretrial Motions

### A. Discovery Completed to Date

Defendant Barnes and Defendant Bonta both served initial disclosures on September 8, 2023. Plaintiff served both defendants with a first set of Interrogatories and a first set of Request for Production of Documents on July 19, 2023. Defendant Bonta responded to the discovery requests on August 18, 2023. Defendant Barnes objected to the service of discovery on the basis that the Parties had not held a Rule 26(f) conference and therefore Plaintiff's discovery was premature. After meeting and conferring on August 30, 2023, Plaintiff agreed to restart his discovery with Defendant Barnes and served his first set of Interrogatories and first set of Request for Production of Documents on September 7, 2023. Defendant Barnes' responses to Plaintiff's first set of discovery are due on or before October 6, 2023.

### B. Anticipated Discovery

Defendants intend to serve written discovery, including but not limited to interrogatories and requests for production, and may conduct depositions of any proposed witnesses, including any expert witnesses.

Plaintiff's position is that Defendants have yet to advise what, if any, is an analog for the denial of the right to public carry. Plaintiff has served discovery on the issue and depending on responses and other issues is planning on serving further interrogatories, requests for production, and requests for admissions, and may depose any proposed witnesses, including expert witnesses.

//
//

JOINT CASE MANAGEMENT REPORT AND JOINT RULE 26(f) REPORT

### C. Production of ESI

Defendants will produce information in electronic format through a File Transfer Protocol ("FTP") site.

Plaintiff cannot agree to production of his ESI, as he does not believe he has any. Nor does know if he has access to an FTP. He currently plans on producing either hard copies or .pdf files attached to email. Plaintiff does not believe he has any ESI. Plaintiff will likely produce scanned copies of documents.

### D. Limitations of Discovery

The Parties agree that discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and the local rules. If a discovery dispute arises, the Parties agree to meet and confer before seeking Court intervention.

### E. Protective Order and Privilege Log

Defendants do not anticipate needing a protective order at this time but will meet and confer if one becomes necessary. Defendants are not requesting a privilege log at this time but will meet and confer if one becomes necessary.

Plaintiff suspects that privilege logs will be necessary. Plaintiff believes that protective orders may also be necessary since Defendants Attorneys just announced that they may wish to discover, "Documents relating to Plaintiff's medical history, including any mental health diagnosis and treatments."

### F. Discovery Plan and Filing Deadlines

| Event | Deadline |
| --- | --- |
| Last day to serve written discovery | October 18, 2023 [ECF No. 15] |
| Last day to conduct depositions | November 22, 2023 [ECF No. 15] |
| Discovery cutoff date | December 1, 2023 [ECF No. 15] |
| Last day to serve expert disclosures and expert reports | November 3, 2023 [By agreement of the Parties] |
| Last day to serve discovery motions | January 5, 2024 [ECF No. 15] |

JOINT CASE MANAGEMENT REPORT AND JOINT RULE 26(f) REPORT

| Last day to serve and file all substantive motions, including motions for summary judgment | February 5, 2024 [ECF No. 15] |

### III. Anticipated Motions

Defendants intend to file a dispositive motion. Plaintiff anticipates filing a dispositive motion.

Plaintiff anticipates filing a motion for leave to file an Amended Complaint clarifying that he is challenging California's denial of open public carry in addition to concealed carry.

### IV. Settlement

Settlement negotiations have not been successful to date. The Parties do not anticipate that mediation would produce a settlement.

### V. Trial

The Parties propose a bench trial, lasting one day.

Defendants intend to call 2-3 witnesses at trial.

Plaintiff currently anticipates calling 2 witnesses, exclusive of impeachment. Two days may be needed.

DATED: September 12, 2023

By /s/ Richard J. Koppel
Richard J. Koppel
PLAINTIFF, PRO SE

DATED: September 12, 2023    LEON J. PAGE, COUNTY COUNSEL
KAYLA N. WATSON, DEPUTY

By /s/ Kayla N. Watson
Kayla N. Watson,

Attorneys for Defendant
DON BARNES, ORANGE COUNTY SHERIFF-CORONER

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

Dated: September 12, 2023

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General

/s/ Nicole J. Kau
NICOLE J. KAU
Deputy Attorney General
*Attorneys for Defendant Attorney General Rob Bonta*
OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

# CERTIFICATE OF SERVICE

I do hereby declare that I am a citizen of the United States employed in the County of Orange, over 18 years old and that my business address is 400 West Civic Center Drive, Suite 202, Santa Ana, California 92701. I am not a party to the within action.

On September 13, 2023, I served the foregoing **JOINT CASE MANAGEMENT REPORT AND JOINT RULE 26(f) REPORT** on the following parties in the following manner:

[ ]  (BY U.S. MAIL) I placed such envelope(s) addressed as shown below for collection and mailing at Santa Ana, California, following our ordinary business practices. I am readily familiar with this office's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

[x]  (BY CM/ECF) On September 13, 2023, I caused the aforementioned document to be served upon all counsel of record in this action who are registered with the United States District Court's CM/ECF system and listed below by utilizing the United States District Court's CM/ECF system, and upon all counsel not listed below, but posted on the court's docket by electronic filing utilizing the USDC's CM/ECF:

| | |
|---|---|
| Richard J. Koppel<br>32 Bellvista<br>Lake Forest, CA 92610<br>Telephone: 949-690-7242<br>Email: richardkoppel16@att.net | Petitioner, In Pro Per |
| ROBERT BONTA<br>Attorney General of California<br>NICOLE J. KAU<br>Deputy Attorney General<br>300 South Spring Street, Ste. 1702<br>Los Angeles, CA 90013-1230<br>Attn: Nicole J. Kau<br>Email: Nicole.kau@doj.ca.gov | Defendant, Robert Bonta,<br>Attorney General of California |

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed in Santa Ana, California this 13th day of September 2023

_____
Julie Hicks

PROOF OF SERVICE