LEON J. PAGE, COUNTY COUNSEL
CAROLYN M. KHOUZAM, DEPUTY (SBN 272166)
carolyn.khouzam@coco.ocgov.com
KAYLA N. WATSON, DEPUTY (SBN 286423)
kayla.watson@coco.ocgov.com
400 West Civic Center Drive, Suite 202
Santa Ana, California 92701
P.O. Box 1379
Santa Ana, California 92702-1379
Telephone: (714) 834-3300
Facsimile: (714) 834-2359

Attorneys for Defendant DON BARNES,
ORANGE COUNTY SHERIFF-CORONER

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| RICHARD J. KOPPEL,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT BONTA, in his capacity as Attorney General of the State of California, DON BARNES, in his official capacity as the Sheriff-Coroner of the County of Orange, State of California, and<br>DOES 1-10,<br><br>        Defendants. | Case No.   8:23-cv-00813-GW-DFM<br><br>Assigned to the Honorable<br>George H. Wu<br><br>Magistrate Judge: the Honorable<br>Douglas F. McCormick<br><br>**DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [19]; DECLARATION OF CARLOS SANCHEZ AND EXHIBITS IN SUPPORT THEREOF**<br><br>Date:      October 17, 2023<br>Time:      10:00 a.m.<br>Ctrm.:     6B, U.S.D.C. Santa Ana<br>          [before Magistrate Judge<br>          Douglas F. McCormick] |

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

# TABLE OF CONTENTS

**Page No.**

DEFENDANT DON BARNES' MEMORANDUM OF
POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION.................................................................................... i

I.      INTRODUCTION................................................................... 1

II.     PROCEDURAL AND FACTUAL HISTORY ......................... 1

III.    LEGAL STANDARD FOR INJUNCTIVE RELIEF ................ 4

IV.     SECOND AMENDMENT LEGAL FRAMEWORK................ 5

    A. Pre-*Bruen* and the Means-End Test for
    Second Amendment Challenges........................................ 5

    B. *Bruen* and the History and Traditions Test for
    Second Amendment Challenges........................................ 6

    C. Applying *Bruen* to California's CCW Statutes.................... 7

    D. California's Proposed Senate Bill 2 Is Consistent
    with *Bruen*, Would Significantly Modify the CCW
    Statutes, and Would Moot Plaintiff's Claims..................... 12

V.      ARGUMENT ...................................................................... 12

    A. Plaintiff Is Unlikely to Succeed On The Merits of
    His Facial and As Applied Challenges to
    Penal Code Section 26150(a)(1)....................................... 12

        1. Facial vs. As Applied Challenges........................... 13

        2. Plaintiff Fails to Demonstrate that Penal Code
        Section 26150 Is Unconstitutional on Its Face........ 14

        3. Plaintiff's As Applied Challenge to Section 26150
        Also Fails.............................................................. 15

        4. Plaintiff's Facial Challenge to Section 26190(f)
        Also Fails.............................................................. 16

    B. Plaintiff Fails to Demonstrate a Due Process Violation................... 18

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

# TABLE OF CONTENTS (continued)

Page No.

C. The Remaining *Winter* Factors Militate Against Granting a Preliminary Injunction. ...................................... 19

   1. Plaintiff Has Not Shown Irreparable Harm. ................................. 20

   2. The Balance of Hardships Does Not Favor an Injunction. ............ 21

VI.    CONCLUSION ................................................................................ 22

L.R. 11-6.2 CERTIFICATION OF COMPLIANCE ....................................... 22

# TABLE OF AUTHORITIES

Page No.

**Cases**

*Apartment Ass'n of L.A. Cnty.. Inc. v. City of Los Angeles,*
   10 F.4th 90 (9th Cir. 2021) ..................................................................... 20

*Associated Gen. Contractors of Cal., Inc. v. Coal. for Econ. Equity,*
   950 F.2d 1401 (9th Cir. 1991) ................................................................. 4

*Baird v. Bonta.*
   2023 WL 5763345, at *3 (9th Cir. Sept. 7, 2023) ................................. 20

*California v. Azar.*
   911 F.3d 558 (9th Cir. 2018) ................................................................. 20

*Chalk v. United States Dist. Court for the Cent. Dist. of Cal.,*
   840 F.2d 701 (9th Cir. 1988) ................................................................. 21

*Coalition for Economic Equity v. Wilson,*
   122 F.3d 718 (9th Cir.1997) .................................................................. 21

*Dahl v. HEM Pharms. Corp..*
   7 F.3d 1399 (9th Cir. 1993) ................................................................... 21

*District of Columbia v. Heller,*
   554 U.S. 570 (2008) ................................................................................ 5

*Ex Parte Cheney* (1891)
   90 Cal. 617, 27 P. 436 ........................................................................... 10

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## TABLE OF AUTHORITIES (continued)

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

**Page No.**

**Cases (continued)**

*Grayned v. City of Rockford*,
   408 U.S. 104 (1972) ................................................................ 14

*Human Life of Wash. Inc. v. Brumsickle*,
   624 F.3d 990 (9th Cir.2010) ................................................. 14

*In re D.L.*,
   93 Cal.App.5th 144 (July 3, 2023) ................................ passim

*In re T.F.-G.*,
   2023 WL 5446902 (Aug. 24, 2023) ..................... 10, 11, 12, 15

*John Doe No. 1 v. Reed*,
   561 U.S. 186 (2010) ............................................................... 13

*Kuck v. Danaher*,
   822 F. Supp. 2d 109 (D. Conn. 2011) ................................. 17

*Lopez v. Brewer*,
   680 F.3d 1068 (9th Cir. 2012) ................................................ 4

*McDonald v. City of Chicago*,
   561 U.S. 742 (2010) ................................................................. 5

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*,
   142 S. Ct. 2111 (2022) ..................................................... passim

*Nken v. Holder*,
   556 U.S. 418 (2009) ........................................................... 4, 21

*Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*,
   762 F.2d 1374 (9th Cir.1985) ............................................... 21

*People v. Alexander*,
   91 Cal.App.5th 469 (May 11, 2023) ..................................... 8, 9

*People v. Bocanegra*,
   90 Cal.App.5th 1236 (2023) .................................................. 13

*People v. Buenrostro*,
   6 Cal.5th 367 (2018) .............................................................. 10

*People v. Miller*,
   2023 WL 5443866 (Aug. 24, 2023) ...................................... 11

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**Cases (continued)**

*Real v. City of Long Beach.*
852 F.3d 929 (9th Cir. 2017) .................................................... 13

*Regina v. State of California.*
89 Cal.App.5th 386 (March 17, 2023) ....................................... 8

*Smith v. Cahoon.*
283 U.S. 553 (1931) ................................................................ 19

*Tobe v. City of Santa Ana,*
9 Cal.4th 1069 (1995) ............................................................. 10

*United States v. Chovan.*
735 F.3d 1127 (9th Cir. 2013) .................................................. 6

*United States v. Salerno.*
481 U.S. 739 (1987) ........................................................... 4, 21

*Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,*
455 U.S. 489 (1982) ............................................................... 14

*Washington State Grange v. Washington State Republican Party,*
552 U.S. 442 (2008) ............................................................... 13

*White v. Illinois State Police,*
482 F. Supp. 3d 752 (N.D. Ill. 2020) ....................................... 18

*Winter v. Nat. Res. Def. Council, Inc,.*
555 U.S. 7 (2008) ............................................................. 4, 20

**Statutes**

Cal. Penal Code § 25400 .................................................... 1, 11

Cal. Penal Code § 25850 ................................................... 9, 10

Cal. Penal Code § 25850(a) .................................................... 7

Cal. Penal Code § 26150 ............................................... passim

Cal. Penal Code § 26150(a) ........................................... 1, 7, 16

Cal. Penal Code § 26150(a)(1) ....................................... 1, 3, 12

Cal. Penal Code § 26150(a)(2) ........................................... 7, 9

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

## TABLE OF AUTHORITIES (continued)

**Page No.**

**Statutes (continued)**

Cal. Penal Code § 26155 ................................................................... 9, 12

Cal. Penal Code § 26155(a) ................................................................ 7, 15

Cal. Penal Code § 26155(b) ................................................................... 15

Cal. Penal Code § 26160 ........................................................................ 15

Cal. Penal Code § 26190 .......................................................................... 2

Cal. Penal Code § 26190(f) ............................................................ 1, 17, 18

Cal. Penal Code § 26205 ................................................................. 1, 4, 18

Cal. Penal Code § 26250 .......................................................................... 3

Cal. Penal Code § 26350 .......................................................................... 7

Cal. Penal Code § 28220(f)(4) ................................................................. 8

Cal. Penal Code § 29800(a)(1) ................................................................ 8

Mo. Ann. Stat. § 571.101(2)(7) .............................................................. 18

Mont. Code Ann. § 45-8-321(2) ............................................................. 18

N.D. Cent. Code Ann. § 62.1-04-03 (West) ........................................... 18

Wyo. Stat. Ann. § 6-8-104 ..................................................................... 18

**Constitutional Provisions**

U.S. Const. amend. II. .............................................................................. 5

U.S. Const. amend. XIV .......................................................................... 19

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**I.   INTRODUCTION**

After Plaintiff failed two psychological examinations and refused to sit for the third, Plaintiff was not issued a permit to carry a concealed weapon ("CCW") and now baselessly asks this Court to enjoin enforcement of California's CCW laws entirely.[1]  ECF 1 at p. 22-23; ECF 19.  Plaintiff alleges that such laws are unconstitutional on their face and as applied, and further violate his right to due process.  However, Plaintiff fails to meet the burden of proof, misstates United States Supreme Court precedent, fails to articulate any harm that he has, or will, suffer, let alone the irreparable harm necessary to obtain injunctive relief, and fails to address how the balance of equities weigh in favor of issuing such a sweeping injunction that would jeopardize public safety by eliminating the ability to ensure that only responsible, law abiding, mentally fit persons are permitted to publicly carry concealed firearms.  For these reasons and the reasons addressed below, Plaintiff's Motion for Preliminary Injunction [ECF 19: "Motion"] must be denied.

**II.   PROCEDURAL AND FACTUAL HISTORY**

Plaintiff has applied three times to the Orange County Sheriff's Department ("OCSD") for a CCW license.  *See* Declaration of Sergeant Carlos Sanchez ("Sanchez Decl.") filed concurrently herewith.  Plaintiff's first application was in 2015 and was denied for failing the psychological examination.  *Id.* at ¶ 3.  His second application was in 2017 and was denied for failing the psychological examination.  *Id.* at ¶ 4.[2]  His third application was

---

[1] Specifically, Plaintiff seeks to enjoin enforcement of Penal Code sections 25400, 26150(a), 26150(a)(1), 26190(f) and 26205.  ECF 1 at p. 22-23.

[2] As stated in the Sanchez Declaration, Plaintiff's first two applications were denied for lack of good moral character as the psychological examination was a component of establishing good moral character.  *Id.* ¶ ¶ 3-4.  Plaintiff passed the good cause requirement that was in effect at the time and therefore to the extent Plaintiff challenges the denial of his first two applications on the basis that a now unconstitutional standard was applied, would be factually incorrect.

OFFICE OF THE COUNTY COUNSEL COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

in 2022 but was withdrawn by OCSD after Plaintiff refused to sit for the psychological examination. *Id.* at ¶¶ 7-9.  Pursuant to Penal Code section 26160[3], OCSD maintains policies and procedures for the issuance of CCW licenses. *Id.* at ¶ 10.  CCW policy section 218.4(1)(c)(3) provides, "if at any step of the application process, the Sheriff or designee determines that the application package is incomplete, the Sheriff or authorized designee may…withdraw the application."   In addition, policy section 218.3 provides nine requirements to qualify for a CCW license, such as the applicant "[b]e of good moral character as outlined in section 218.4 (Penal Code § 26150)" and "[b]e free from any psychological conditions that might make the applicant unsuitable for carrying a concealed firearm (Penal Code § 26190)."  Sanchez Decl. at ¶ 12; **Exhibit F** at p. F-2.   Moreover, policy section 218.4.1 provides nine criteria OCSD considers when determining whether an applicant satisfies the good moral character requirement, and states in pertinent part that an applicant shall be denied a CCW license if the applicant:

> (i) Is reasonably likely to be a danger to self, others, or the community at large based on a past pattern of behavior or threats involving unlawful violence (including threats or attempts of suicide).  In making this determination, the Sheriff or authorized designee shall use an objective inquiry considering the facts and circumstances known at the time of the application or through the Sheriff Department's investigation.

*Id.* at ¶ 13; **Exhibit F** at p. F-2.

Plaintiff's third application was submitted on July 2, 2022.  Sanchez Decl. at ¶ 7.  On March 1, 2023, OCSD informed Plaintiff via letter that for OCSD to proceed with his application, he is being referred to a psychological

---

[3] All references are to the California Penal Code unless otherwise stated.

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1  examination in accordance with Penal Code section 26190(f)(1).  *Id.* at ¶ 7,

2  **Exhibit A**.  Thereafter, Plaintiff sent several emails to OCSD and Dr. Gallivan

3  objecting to Dr. Gallivan's examination procedures, ultimately refusing to sit

4  for the psychological exam. *Id.* at ¶ 9, **Exhibit E**.  As a result, on April 26,

5  2023, OCSD withdrew Plaintiff's application pursuant to policy section

6  218.4(1)(c)(3) and informed Plaintiff that if he decided to proceed with the

7  examination, OCSD can reopen his application and continue with the process.

8  *Id.*

9       On May 9, 2023, Plaintiff filed this lawsuit against Don Barnes, in his

10  official capacity as the Orange County Sheriff-Coroner ("OCSD") and Rob

11  Bonta, in his official capacity as Attorney General for the State of California

12  ("AG") alleging that each of them violated his constitutional rights for failure

13  to issue him a CCW license. ECF 1.  Plaintiff's Complaint alleges three claims

14  for relief: (1) California's CCW licensing laws violate the Second and

15  Fourteenth Amendment [*Id.* at p. 19]; (2) The CCW application fee proscribed

16  by Penal Code section 26250 violates Plaintiff's Second Amendment rights [*Id.*

17  at p. 20]; and (3) OCSD violated Plaintiff's Fifth Amendment right to Due

18  Process by denying him the right to appeal OCSD's referral to a psychological

19  examination. *Id.* at p. 21.  Plaintiff seeks injunctive and declaratory relief as

20  well as nominal damages according to proof and attorney's fees and costs. *Id.*

21  at pp. 22-25.

22       On August 14, 2023, Plaintiff filed this Motion seeking this Court to

23  enjoin Defendants from enforcing California's CCW statutes on the basis that

24  (1) the good moral character requirement of Penal Code section 26150(a)(1), is

25  unconstitutional on its face and as applied to him by OCSD, under the Second

26  and Fourteenth Amendments (Motion at pp. 5-8); (2) that requiring Plaintiff to

27  sit for a psychological examination, violates his Second and Fourteenth

28  Amendment rights (*Id.* at pp. 9-10, 16); (3) that OCSD violated Plaintiff's

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

3

1  Fourteenth Amendment right to due process because he was not given an

2  opportunity to appeal (*Id.* at pp. 8-9, 10-12); and (4) that OCSD failed to

3  provide proper notice under section 26205 in violation of his due process rights.

4  (*Id.* at pp. 10, 16.)

5  ## III.   LEGAL STANDARD FOR INJUNCTIVE RELIEF

6         "A preliminary injunction is an extraordinary remedy never awarded as

7  of right." *Winter v. Nat. Res. Def. Council, Inc,*. 555 U.S. 7, 24 (2008). To obtain

8  a preliminary injunction, the plaintiff carries the burden of establishing "by a

9  clear showing," that "(1) they are likely to succeed on the merits; (2) they are

10  likely to suffer irreparable harm in the absence of preliminary relief; (3) the

11  balance of equities tips in their favor; and (4) an injunction is in the public

12  interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012), *citing*, *Winter*,

13  555 U.S. at 20. When the government is a party, courts consider the last two

14  factors together, because the defendants' equities merge with the public

15  interest. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

16         Where a plaintiff's "irreparable injury" is based on an asserted loss of a

17  constitutional right, the plaintiff must establish that they are "likely" to

18  succeed on the merits of the constitutional claim, not merely show "serious

19  questions" going to the merits. *Associated Gen. Contractors of Cal., Inc. v. Coal.*

20  *for Econ. Equity*, 950 F.2d 1401, 1411 (9th Cir. 1991).  However, because

21  Plaintiff asserts a facial challenge, which is "the most difficult challenge to

22  mount successfully" he bears a particularly heavy burden in this case as he

23  must establish that "no set of circumstances exist under which" the law would

24  be valid. *United States v. Salerno*, 481 U.S. 739, 745 (1987).  Plaintiff fails to

25  meet this standard.

26  //

27  //

28  //

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

## IV.   SECOND AMENDMENT LEGAL FRAMEWORK

### A. Pre-*Bruen* and the Means-End Test for Second Amendment Challenges

The Second Amendment to the United States Constitution reads, in full: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court held that the Second Amendment protects an individual's right to keep and bear arms unconnected with militia service and struck down a law that "amount[ed] to a prohibition of an entire class of 'arms' that is overwhelmingly chosen by American society for [self-defense]." *Id.* at 583, 592, 628.  However, in arriving at this interpretation the Supreme Court cautioned, that "[l]ike most rights, the right secured by the Second Amendment is not unlimited" and noted that the Second Amendment does not protect a right "to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id.* at 626. For instance, a person who is "a felon" or "insane" is outside the class of "law-abiding, responsible citizens" whom the Second Amendment protects and is "disqualified from the exercise of Second Amendment rights." *Id.* at 631, 635.

Two years after *Heller*, the Supreme Court again considered the scope of the Second Amendment right in *McDonald v. City of Chicago,* 561 U.S. 742 (2010). In *McDonald,* the Supreme Court held that the Second Amendment is "fully applicable to the States" through the Fourteenth Amendment and found that two citywide bans on the possession of handguns in the home, which are commonly used for self-defense, violated the Second Amendment. *Id.* at 750, 791.

Following *Heller* and *McDonald*, courts across the country—including the

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

Ninth Circuit—adopted a two-step means-end analysis for Second Amendment challenges. First, courts considered whether the challenged regulation burdened conduct protected by the Second Amendment. If it did, courts then balanced the state's interests in the regulation against the burden on the constitutional right and considered the state's interest in public safety and general welfare. *United States v. Chovan*, 735 F.3d 1127, 1136 (9th Cir. 2013).[4]

## B. *Bruen* and the History and Traditions Test for Second Amendment Challenges

In June 2022, the Supreme Court again considered the scope of the Second Amendment in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111 (2022). In *Bruen*, the Supreme Court reiterated that the Second Amendment protects the right to keep and bear arms for "law-abiding citizens with ordinary self-defense needs." *Id.* at 2156.  However, *Bruen* explicitly rejected the two-step, means-end analysis for Second Amendment challenges, instead finding that "when the Second Amendment's plain text covers an individual's conduct," the government must affirmatively "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.  Bruen* created a new two-step analysis for assessing the constitutionality of firearms regulations.

First, a plaintiff challenging a firearm regulation must show the plain text of the Second Amendment covers the conduct regulated by the challenged law. *Id.* at 2129-2130.  *Bruen* had "little difficulty concluding that" the conduct of carrying handguns publicly for self-defense is covered by the Second Amendment.  *Id.* at 2134.  However, *Bruen* made clear that "the right secured by the Second Amendment is ***not unlimited***," and that imposing licensing

---

[4] Abrogated by, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) discussed below.

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

restrictions on the purchase and possession of firearms including, "fingerprinting, a background check, *a mental health records check*, and training in firearms handling," remain constitutional. *Id.* at 2128 (Kavanaugh, J., concurring). (Emphasis added.)  Such licensing requirements "ensure only that those bearing arms in the jurisdiction are, in fact, law-abiding, responsible citizens," and are therefore constitutional. *Id.* at 2138 n.9, and at 2161-62

Under *Bruen*'s second step, the government must then affirmatively prove that the challenged regulation is consistent with the Nation's historical tradition of firearms regulation. *Id.* at 2130.  In sum, *Bruen* did not imperil every law regulating firearms, rather it redefined the means-end analysis for Second Amendment challenges and reaffirmed Supreme Court precedent regarding permissible licensing restrictions for the possession of firearms. *Id.* at 2157 (Alito, J., concurring).

## C. Applying *Bruen* to California's CCW Statutes

California allows the carrying of firearms under certain circumstances. Penal Code §§ 25850(a), 26350. One such circumstance is when a person obtains a license to carry a concealed weapon ("CCW"). §§ 26150(a), 26155(a). Under the CCW statutes, the sheriff may issue a license to the applicant upon proof that: (1) the applicant is of good moral character; (2) good cause exists for issuance of the license; (3) the applicant resides or works in the county; and (4) the applicant has completed a training course. *Id.*

However, the day after *Bruen* was decided, the California AG repudiated the "good cause" requirement of section 26150(a)(2) and issued a bulletin instructing sheriffs not to enforce the good cause requirement but to continue enforcing all other requirements to obtain a CCW license, including the "good moral character" requirement found in subsection (a)(1). Sanchez Decl. at ¶ 5; **Exhibit A** at p. A-2.  Specifically, the AG stated:

1
2
3
4
5
6
7

[I]n assessing whether an applicant has established "good moral character," issuing authorities should recognize that *Bruen* does not eliminate the duty or authority of local officials to protect the communities that they know best by ensuring that licenses are only issued to individuals who—by virtue of their character and temperament—can be trusted to abide by the law and otherwise ensure the safety of themselves and others.

8

*Id.* at p. A-3.

9
10
11

Post *Bruen*, California Courts of Appeal have consistently concluded that California's CCW statutes do not violate an individual's Second Amendment rights.

12
13
14
15
16
17
18

In *Regina v. State of California*, 89 Cal.App.5th 386, 401 (March 17, 2023), the plaintiff challenged a CCW statute on the basis that *Bruen* changed Second Amendment jurisprudence.  The Court of Appeal rejected plaintiff's facial and as-applied challenges explaining that the notice proscribed by section 28220(f)(4)[5] does not implicate the right to bear arms as interpreted in *Bruen* and therefore the Court need not even get to the second step of *Bruen*. *Id.*

19
20
21
22
23
24

Two months later, in *People v. Alexander*, 91 Cal.App.5th 469, 480 (May 11, 2023)[6], the defendant challenged sections 29800(a)(1) and 30305(a)(1)[7], on the basis that they are facially unconstitutional after *Bruen*.  The *Alexander* Court rejected this notion stating that, "[o]n a facial challenge, we will not invalidate a statute unless it 'pose[s] a present total and fatal conflict with applicable constitutional prohibitions.'" *Id.* at 474.  The *Alexander* Court

25
26
27
28

[5] Section 28220(f)(4) governs background checks on prospective firearm purchasers and the notice required of the DOJ to firearms dealers.
[6] Review and depublication denied July 26, 2023. S280468
[7] Statutes prohibit felons in possession of firearm and ammunition.

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

8

further explained that *Bruen* did not alter the description of "people" who are afforded Second Amendment rights, which are rights that belong to law abiding, responsible, and mentally sound citizens. *Id.* at 382-383.

Thereafter, in *In re D.L.*, 93 Cal.App.5th 144 (July 3, 2023) the Court of Appeal again rejected a contention that California's CCW laws are facially unconstitutional after *Bruen*. The plaintiff there brought a facial challenge to section 25850[8] on the basis that it incorporated the unconstitutional "good cause" requirement. *Id.* at 156. The Court of Appeal rejected plaintiff's constitutional challenge, holding that the good cause requirement of section 26150(a)(2), "is severable from the balance of California's concealed carry licensing framework," and it therefore "remains constitutional to punish someone without a license for carrying a loaded gun in public." *Id.* at 148. The plaintiff argued that even if "good cause" is severed, the good moral character requirement of sections 26150 and 26155 are unconstitutional under *Bruen*. *Id.* at 166. The *D.L.* Court rejected this argument finding that *Bruen* imposed no prohibition against the "good moral character" requirement[9] and concluded:

> [T]he remaining concealed carry licensing requirements, after severing the "good cause" condition, are consistent with the goals that California has advanced since the founding of our state: ensuring Californians who carry firearms are responsible and law-abiding, live in or have substantial contact with the licensing jurisdiction (since local law enforcement is tasked with licensee

---

[8] Statute prohibits carrying a loaded firearm in public. Statute does not apply to a person who has a CCW license.

[9] The New York licensing scheme in *Bruen* also had a "good moral character" requirement. (*Bruen*, at 2123, 2169) but that provision was neither challenged by the *Bruen* plaintiffs nor was its constitutionality ever adjudicated by the Supreme Court. Thus, *Bruen* does not compel the Court to sever or otherwise impugn California's "good moral character" licensing requirement or expand *Bruen*'s reach to other licensing requirements it did not address.

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

compliance), and know how to safely handle a gun. The California Supreme Court's reasoning in *Ex Parte Cheney* (1891) 90 Cal. 617, 621, 27 P. 436, when the California Supreme Court first upheld San Francisco's ban on carrying a loaded gun, still resonates over a century and a half later: "It is a well-recognized fact that the unrestricted habit of carrying concealed weapons is the source of much crime, and frequently leads to causeless homicides, as well as to breaches of the peace, that would not otherwise occur. … It is to protect the law-abiding citizen, as well as to prevent a breach of the peace or the commission of crime, that the ordinance in question has been passed.

*Id.* (Internal citations omitted.)

A month after *D.L.* was decided, the California Court of Appeal again rejected a constitutional challenge to the CCW statutes in *In re T.F.-G.* 2023 WL 5446902 (Aug. 24, 2023).  The plaintiff there brought a similar facial challenge to section 25850, arguing that *Bruen* found California's CCW statutes unconstitutional.  The Court of Appeal rejected the challenge stating that a "facial constitutional challenge requires a showing that the statute poses a 'total and fatal conflict with applicable constitutional prohibitions' or at least 'is invalid in the generality or great majority of cases.'" *Id.* at *8.[10]

The *T.F.-G.* Court further noted that "[n]otwithstanding the conceded unconstitutionality of California's 'good cause' requirement for issuance of a license as it was enforced pre-*Bruen*, California law continues to authorize the denial of license applications on statutory grounds not implicated by *Bruen*."

---

[10] Citing to. *Tobe v. City of Santa Ana*, 9 Cal.4th 1069, 1084 (1995), [total and fatal conflict]; *People v. Buenrostro*, 6 Cal.5th 367, 388 (2018), [The "minimum our cases have accepted is a showing that the statute is invalid 'in the *generality* or *great majority* of cases'"]; *D.L., supra*, at 157, ["total and fatal conflict" standard].

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

10

*Id.*  As such the constitutional defect, the good cause requirement of section 26150(a)(2), "is severable from the broader licensing regime, and the state retains authority to regulate firearm possession via licensure." *Id.* at *12.[11]

The same day that *T.F.-G.* was decided, the Court of Appeal in *People v. Miller,* 2023 WL 5443866 (Aug. 24, 2023) rejected another constitutional challenge to California's CCW statute, section 25400. [12]  Miller argued that *Bruen* invalidated California's "good moral character" and "good cause" requirements and "[b]ecause the law that would otherwise make firearm possession in public legal is unconstitutional, a criminal defendant cannot be prosecuted for violating it." *Id.* at *2. [13]   In rejecting Miller's constitutional claims, the Court of Appeal found that "[t]he constitutionality of California's concealed carry prohibition is not dependent upon the constitutionality of its licensing statutes because, while a license qualifies a holder for an exemption from the concealed carry provisions, the availability of this exemption is not constitutionally necessary. *Id.* at *5.  In other words, there is no Second Amendment right to a CCW license without licensing conditions.

Accordingly, no Court since *Bruen* has concluded that California's CCW laws violate the Second Amendment, and they remain constitutional so long as the good cause requirement is severed from the licensing regime.  Indeed, that is precisely what OCSD has done, and did, when Plaintiff submitted his third application in July of 2022.  Sanchez Decl. ¶ 7.  As such, Plaintiff's claims fail on the merits and his motion must be denied.

---

[11] In so holding, the Court of Appeal followed the *D.L.* courts determination that the "good cause" licensing requirement is severable from the balance of California's licensing requirements.
[12] Prohibits publicly carrying a concealed firearm in a vehicle without a CCW license.
[13] While Miller never applied for a CCW license, causing the *Miller* Court to question the *D.L.* Court's holding regarding standing, the Court of Appeal nevertheless found that to the extent Miller had standing section 25400 remains valid post-*Bruen.*

11

### D. California's Proposed Senate Bill 2 Is Consistent with *Bruen*, Would Significantly Modify the CCW Statutes, and Would Moot Plaintiff's Claims

In *Bruen*'s wake, California's Legislature began working on amending the State's CCW statutes. The Legislature approved Senate Bill 2 ("SB2") on September 14, 2023, with the last day for the Governor to sign or veto the bill by October 14, 2023. *See* ECF 23-1 ¶ 7; *see also* https://legiscan.com/CA/bill/SB2/2023. As addressed in Defendant AG's opposition brief to Plaintiff's motion, SB 2 would remove the "good cause "and "good moral character" requirements of sections 26150 and 26155, add a provision allowing the results of any psychological assessment to disqualify an applicant, add a provision allowing an applicant to be disqualified if they are likely to be a danger to self, others as demonstrated by anything in the licensing agencies' investigation or as shown in the results of a psychological assessment, and would add an appeal procedure. *See* AG's Oppo. Kau Decl. If these provisions are added into the CCW statutes, Plaintiff's constitutional challenges to the good moral character requirement, the psychological testing requirement, and the lack of appeal procedures would become moot. *See* ECF 1 at ¶¶ 48-52, 56-60. For this reason and the reasons stated below, Plaintiff's Motion should be denied.

### V. ARGUMENT

### A. Plaintiff Is Unlikely to Succeed On The Merits of His Facial and As Applied Challenges to Penal Code Section 26150(a)(1)

Like the challenges brought in *D.L., supra*, and *T.F.-G, supra*, Plaintiff here attempts to challenge California's "good moral character" requirement found in section 26150(a)(1), on the basis that it is unconstitutional on its face and as applied to him. However, Plaintiff falls woefully short of meeting the heavy burden required to mount such constitutional challenges.

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

### 1. Facial vs. As Applied Challenges

To determine whether a claim is facial or as applied, "[t]he label is not what matters." *John Doe No. 1 v. Reed,* 561 U.S. 186, 194 (2010). Rather, it is the plaintiff's claim and the relief that follows. *Id.* A claim is facial if it "challenges application of the law more broadly." *Id.* A claim is as applied if it is limited to a plaintiff's particular case. *Id.* Moreover, as the *D.L.* Court correctly summarized:

> A [plaintiff] challenging the constitutionality of a statute carries a heavy burden: "The courts will presume a statute is constitutional unless its unconstitutionality clearly, positively, and unmistakably appears; all presumptions and intendments favor its validity." *D.L.* 93 Cal.App.5th at 156, *citing to People v. Bocanegra*, 90 Cal.App.5th 1236, 1250 (2023)[14] (Remaining citations omitted.)

> A facial challenge seeks to void the statute as a whole by showing that 'no set of circumstances exists under which the Act would be valid,' i.e., that the law is unconstitutional in all its applications. *Id.* at 157, *citing to Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008).

An "as applied" challenge, requires a plaintiff to "allege (1) a distinct and palpable injury-in-fact that is (2) fairly traceable to the challenged provision or interpretation and (3) would likely be redressed by a favorable decision." *Real v. City of Long Beach*, 852 F.3d 929, 934 (9th Cir. 2017).[15]  Moreover, where the

---

[14] Rejecting a facial Second Amendment challenge to California's assault weapon ban.

[15] An "as applied" challenge "contemplates analysis of the facts of a particular case or cases to determine the circumstances in which the statute or

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1  plaintiff asserts both facial and as-applied challenges and fails to "provide any

2  evidence to support an as-applied challenge" or "distinguish between its facial

3  and as-applied claims in its brief, "the Court should address the facial

4  challenge only."  *Human Life of Wash. Inc. v. Brumsickle*, 624 F.3d 990, 1021–

5  22 (9th Cir.2010).

6        Plaintiff fails to make either showing.

7        **2.  Plaintiff Fails to Demonstrate that Penal Code Section**

8             **26150 Is Unconstitutional on Its Face**

9        Plaintiff attempts to assert that section 26150 is unconstitutionally

10  vague on its face because the term "good moral character" is not "defined by

11  California firearm licensing law."  Motion at 4:17-19.[16]  However, Plaintiff fails

12  to demonstrate whatsoever that under ***no possible factual scenario*** could

13  the good moral character requirement be constitutionally applied.  Merely

14  stating that the term is undefined does not satisfy this "heavy burden."

15        Indeed, there are innumerable factual circumstances in which OCSD

16  could invoke section 26150's good moral character requirement to deny a CCW

17  permit on the basis that the applicant poses a danger to the public, such as

18

19

20  ordinance has been applied and to consider whether in those particular
     circumstances the application deprived the individual to whom it was applied of
21  a protected right."  *D.L.* 93 Cal.App.5th at 157–58.

     [16] While the Due Process Clause of the Fourteenth Amendment requires
22  that laws be crafted with sufficient clarity to "give the person of ordinary
     intelligence a reasonable opportunity to know what is prohibited' and to
23  'provide explicit standards for those who apply them"), regulations need achieve
     "meticulous specificity," at the cost of losing discretion, "flexibility and
24  reasonable breadth." (*Grayned v. City of Rockford*, 408 U.S. 104, 108, 110
     (1972).  Instead, "[t]he degree of vagueness that the Constitution tolerates -- as
25  well as the relative importance of fair notice and fair enforcement -- depends in
     part of the nature of the enactment." *Vill. of Hoffman Estates v. Flipside,*
26  *Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982).  Where, as here, the challenged
     law is not a criminal statute, but a licensing scheme, it is subject to "less
27  exacting vagueness scrutiny." *Id.* at 498-499 [expressing "greater tolerance of
     enactments with civil rather than criminal penalties because the consequences
28  of imprecision are qualitatively less severe."]

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

failing a psychological examination.  Moreover, as outlined above, recent California Court of Appeal decisions have explicitly found that the "good moral character" requirement does not violate the Second Amendment under *Bruen,* and the Supreme Court has never held that a person has the right to publicly carry a firearm without being subject to a licensing scheme. *D.L.,* 93 Cal.App.5th at 166; *T.F.-G.,* 2023 WL 5446902 at *12; *see also Bruen*, 142 S. Ct. at 2123, 2169.

Moreover, Plaintiff fails to address the fact that OCSD's good moral character definition is defined in OCSD policy section 218.4.1.  Sanchez Decl., **Exhibit F** at p. F-5.  OCSD's definition is consistent with the AG's bulletin (*See id.* at **Exhibit A**), the holding of *Bruen,* and the intent of the California Legislature, which has delegated the authority to determine what constitutes "good moral character" for the issuance of a CCW license to local authorities in their jurisdiction.[17]  Plaintiff wholly fails to address how OCSD's "good moral character" definition  is unconstitutionally vague and violative of his Second Amendment rights.  As such, Plaintiff's facial constitutional challenge fails, and his motion must be denied.

### 3.  Plaintiff's As Applied Challenge to Section 26150 Also Fails

As with his facial challenge, Plaintiff falls short of meeting the burden of proof for an as applied challenge.  Plaintiff fails to present a single fact that demonstrates a distinct and palpable injury that is traceable to OCSD applying the good moral character requirement to deny him a CCW permit in violation of his Second Amendment rights.  Nor does he address how a decision by this Court would correct any purported injury he has or will suffer,

---

[17] *See* Penal Code section 26160 which states: "Each licensing authority shall publish and make available a written policy summarizing the provisions of Section 26150 and subdivisions (a) and (b) of Section 26155."

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  especially in light of SB2 which will expressly permit OCSD to consider the

2  results of any psychological examination to disqualify a CCW applicant in

3  addition to any other fact that demonstrates the applicant is a danger to self or

4  others.

5      Indeed, Plaintiff never even articulates which application he is

6  challenging.[18]  To the extent Plaintiff is challenging his third application on

7  the basis that OCSD applied the good moral character requirement

8  unconstitutionally, he lacks standing to even bring such a claim, because

9  Plaintiff's third application was never denied, albeit for lack of good moral

10  character or otherwise.  Sanchez Decl. ¶ 9.  Plaintiff never completed his third

11  application because he refused to complete the psychological examination and

12  OCSD withdrew his application until he decided to complete the examination.

13  *Id.*  As stated in OCSD policy section 218.4(1)(c)(3), "if at any step of the

14  application process, the Sheriff or designee determines that the application

15  package is incomplete, the Sheriff or authorized designee may…withdraw the

16  application."  Rather than specify which application Plaintiff is challenging

17  and allege facts to support an as applied challenge as required by law, Plaintiff

18  instead, states that "[e]ven if proof is made of all the requirements of §

19  26150(a), the Sheriff still has discretion as to whether he or she accept or

20  denies a CCW."  Motion 7:12-15.

21      As such, Plaintiff fails to meet the legal standard required to bring an as

22  applied challenge, has no likelihood of success on the merits of his Second

23  Amendment claims, and his motion must be denied.

24      **4. Plaintiff's Facial Challenge to Section 26190(f) Also Fails**

25      Plaintiff alleges that OCSD's request for a psychological examination

26

27  _____

28  [18] To the extent Plaintiff seeks to challenge his first two applications on this
basis, he fails to articulate how he has been injured and why he waited over 5
years to move for a preliminary injunction despite being irreparably harmed.

16

violates the Constitution "on at least two counts."  Motion at 2: 9-10.  Section
26190(f) states:

> If psychological testing on the initial application is required by the
> licensing authority, the license applicant shall be referred to a
> licensed psychologist used by the licensing authority for the
> psychological testing of its own employees. The applicant may be
> charged for the actual cost of the testing in an amount not to exceed
> one hundred fifty dollars ($150). Penal Code § 26190(f).

Plaintiff fails to articulate how a referral to a psychologist or any other
aspect of section 26190(f) is unconstitutional in every conceivable situation.
Indeed, all three of the Supreme Court's major Second Amendment decisions
since 2008 note that governments may prohibit persons suffering from mental
illness from possessing firearms. *Bruen* 142 S. Ct. at 2162 (Kavanaugh, J.
concurring) (reemphasizing *Heller*'s circumspection regarding "felons and the
mentally ill"); *Heller,* 554 U.S. at 626; *McDonald,* 561 U.S. at 786 (same).

Without citing a single case in support of his position, Plaintiff further
incorrectly contends that this Court should simply disregard *Bruen*'s express
words and, instead, "Defendant's must first establish a historic analog to the
use of psychologists to deny the right to bear arms."  Motion at 24:22-25.
Plaintiff is wrong.  Even if this Court skipped over the first *Bruen* step as
Plaintiff urges this Court to do, this Court need not determine whether
psychological examinations are consistent with the Nation's historical
tradition; the Supreme Court has already and unequivocally stated that they
are.[19]

---

[19] *Bruen* upheld statutes with mental health reviews in states with more
broadly worded statutes than section 26190(f). *See Bruen*, 142 S. Ct. at 2123
n.1, 2138 n.9 [endorsing constitutionality of the Connecticut and Illinois
statutes upheld in *Kuck v. Danaher*, 822 F. Supp. 2d 109, 128 (D. Conn. 2011)

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1    Similarly, like California, concealed carry statutes in Oregon, Missouri,

2    Montana, North Dakota, and Wyoming all allow for permit denial if a permit

3    agent reviews available evidence and forms a "reasonable" belief that the

4    applicant is a danger to himself or others.[20]  The *Bruen* Court endorsed each of

5    these statutes as permissible and the findings in section 1 of SB 2 list 21 state

6    laws also referenced in *Bruen* as having similar good moral character

7    assessments. *Bruen,* 142 S. Ct. at 2123, n.1, 2138, n. 9; *see also* Kau Decl. ¶ 2,

8    Exh. A..  As such, Plaintiff's challenge to section 26190(f) has no likelihood of

9    success on the merits and his motion must be denied.

10    **B. Plaintiff Fails to Demonstrate a Due Process Violation**

11    In addition to challenging the CCW laws as violating the Second

12    Amendment, Plaintiff attempts to bring a due process claim on the basis that

13    California's CCW laws do not provide an opportunity to appeal (Motion at pp.

14    8-9, 10-12, 16) and alleging that OCSD failed to provide proper notice under

15    Penal Code section 26205.[21]  *Id.* at 10:15-19, 16.

---

17  [Upholding statute that required determination whether applicant was
18  "suitable" to carry a handgun in public]; and *White v. Illinois State Police*, 482
    F. Supp. 3d 752, 764-65 (N.D. Ill. 2020) aff'd as modified, 15 F.4th 801 (7th Cir.
19  2021) [upholding statute that required determination whether applicant
    "pose[d] a danger".]
20  [20] *See* Mo. Ann. Stat. § 571.101(2)(7) (if applicant has "not engaged in a
    pattern of behavior, documented in public or closed records, that causes the
21  sheriff to have a reasonable belief that the applicant presents a danger to
    himself or others"); Mont. Code Ann. § 45-8-321(2) ("The sheriff may deny an
22  applicant a permit to carry a concealed weapon if the sheriff has reasonable
    cause to believe that the applicant is mentally ill, mentally disordered, or
23  mentally disabled or otherwise may be a threat to the peace and good order of
    the community"); N.D. Cent. Code Ann. § 62.1-04-03 (West) ("The bureau may
24  deny approval for a license if the bureau has reasonable cause to believe that
    the applicant or license holder has been or is a danger to self or others as
25  demonstrated by evidence"); Wyo. Stat. Ann. § 6-8-104 ("The written report
    shall . . . establish reasonable grounds to believe that the applicant has been or
26  is reasonably likely to be a danger to himself or others, or to the community at
    large as a result of the applicant's mental or psychological state").
27
28  [21] Penal Code section 26205 states: "The licensing authority shall give
    written notice to the applicant indicating if the license under this article is

---

18

The Due Process Clause of the Fourteenth Amendment provides, in relevant part, "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To succeed on his Due Process claim, Plaintiff must show both a deprivation of a constitutionally protected liberty or property interest, and a denial of adequate procedural protections.

Plaintiff has failed to establish how he has standing to bring a due process challenge to the CCW statutes. To the extent Plaintiff claims that he was denied due process with regards to his third application, Plaintiff cannot refuse to complete the required steps of the CCW application and then challenge the statute for lack of due process.

> [T]he principle is well established that, when a statute, valid upon its face, requires the issue of a license or certificate as a condition precedent to carrying on a business or following a vocation, one who is within the terms of the statute, but has failed to make the required application, is not at liberty to complain because of his anticipation of improper or invalid action in administration.

*Smith v. Cahoon,* 283 U.S. 553, 562 (1931).

Plaintiff has no likelihood of success on the merits of his due process claims and his motion must be denied.

## C. The Remaining *Winter* Factors Militate Against Granting a Preliminary Injunction.

Because Plaintiff has not shown a likelihood of success on the merits of any of his claims, this Court should deny his Motion. Indeed, in the Ninth

---

approved or denied. The licensing authority shall give this notice within 90 days of the initial application for a new license or a license renewal, or 30 days after receipt of the applicant's criminal background check from the Department of Justice. whichever is later. If the license is denied, the notice shall state which requirement was not satisfied."

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

Circuit, showing "[l]ikelihood of success on the merits is the most important factor." *Apartment Ass'n of L.A. Cnty., Inc. v. City of Los Angeles,* 10 F.4th 905, 912 (9th Cir. 2021) *quoting California v. Azar,* 911 F.3d 558, 575 (9th Cir. 2018). "It is well-established that the first factor is especially important when a plaintiff alleges a constitutional violation and injury." *Baird v. Bonta*, 2023 WL 5763345, at *3 (9th Cir. Sept. 7, 2023).[22]

However, even if Plaintiff could meet the first *Winter* factor, Plaintiff has failed to show that (1) he is likely to suffer irreparable harm in the absence of a preliminary injunction; (2) the balance of equities tips in his favor; and (3) an injunction is in the public interest. *Winter,* 555 U.S. at 20.  For these additional reasons, his motion must be denied.

**1. Plaintiff Has Not Shown Irreparable Harm.**

Under *Winter*'s well-settled standards—which apply to Second Amendment claims—courts assess irreparable harm and the public interest through the prism of whether or not the plaintiff has shown a likelihood of success on the merits.  *Baird,* 2023 WL 5763345 at *5.

As demonstrated above, Plaintiff has failed to show any likelihood of success on the merits of any of his claims and further fails to articulate any injury he has suffered or is likely to suffer if an injunction is not issued here. *See* Motion at p. 15, ¶ VII, p. 22, ¶ B.  As stated throughout, Plaintiff does not specify which application he is challenging, and further fails to specify when and how he was injured, and how that injury is irreparable absent injunctive relief.  Moreover, to the extent Plaintiff is challenging his first two applications being denied, Plaintiff's "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v.*

---

[22] "If a plaintiff in such a case shows he is likely to prevail on the merits, that showing usually demonstrates he is suffering irreparable harm no matter how brief the violation." *Id.*

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1   *Chronicle Pub. Co., Inc.,* 762 F.2d 1374, 1377 (9th Cir.1985).

2       Plaintiff fails to meet the irreparable harm factor which further

3 necessitates his motion being denied.

4       **2. The Balance of Hardships Does Not Favor an Injunction.**

5       Finally, the balance of hardships and the public interest also weigh

6 against granting even temporary relief here.[23] Moreover, it is indisputable that

7 "a state suffers irreparable injury whenever an enactment of its people or their

8 representatives is enjoined." *Coalition for Economic Equity v. Wilson*, 122 F.3d

9 718, 719 (9th Cir.1997).  In addition, "[p]ublic safety should be considered by a

10 court when granting equitable relief." *Dahl v. HEM Pharms. Corp.*, 7 F.3d

11 1399, 1404 (9th Cir. 1993) *citing Chalk v. United States Dist. Court for the*

12 *Cent. Dist. of Cal.*, 840 F.2d 701, 711 (9th Cir. 1988).

13       Here, CCW laws protect public safety and Don Barnes, as the elected

14 Sheriff of Orange County has a compelling interest in protecting the Orange

15 County community. *Salerno,* 481 U.S. at 748–50.  As stated above, the

16 Supreme Court has already found that the challenged CCW laws are

17 consistent with the nation's history on regulating firearms.  Moreover, as

18 stated in the AG's opposition brief and in SB 2's finding, California has a

19 strong interest in protecting public safety and regulating the public carry of

20 firearms is one of the most effective way to combat crime.  *See* Kau Decl. Exh.

21 A.  The equities here clearly disfavor a preliminary injunction that would

22 forestall California's effort to protect its people.

23       Plaintiff has given this Court no reason to second-guess the policy

24 judgment of the California Legislature, and thus an injunction would not be in

25 the public interest.

26

27

28     [23] When the government is a party, courts consider the last two factors together.  *Nken,* 556 U.S. at 435.

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

21

# VI. CONCLUSION

Plaintiff has failed to meet the elements required for injunctive relief, even on a temporary basis, and for all the reasons stated herein, the Court should deny his Motion.

Respectfully submitted,

LEON J. PAGE, COUNTY COUNSEL
CAROLYN M. KHOUZAM, DEPUTY
KAYLA N. WATSON, DEPUTY

Dated:  September 26, 2023    By: _____/S/_____
                                  Kayla N. Watson, Deputy

Attorneys for Defendant DON BARNES,
ORANGE COUNTY SHERIFF-CORONER

## L.R. 11-6.2 CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Defendant DON BARNES, ORANGE COUNTY SHERIFF-CORONER, certifies that this brief contains 6,593 words, which [choose one]:

___X___ complies with the word limit of L.R. 11-6.1.

_____ complies with the word limit set by court order dated ___N/A___

Dated:  September 26, 2023        _____/S/_____
                                 Kayla N. Watson, Deputy

Attorneys for Defendant DON BARNES,
ORANGE COUNTY SHERIFF-CORONER

DEFENDANT DON BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE