# DECLARATION OF CARLOS SANCHEZ

I, Carlos Sanchez, hereby declare:

1. I am a Sergeant with the Orange County Sheriff-Coroner Department ("OCSD") and have been employed with OCSD since April 19, 2002. I have personal knowledge of the facts set forth in this Declaration unless the facts are stated on information and belief in which case I believe them to be true. If called upon to testify, I could and would do so competently.

2. I currently oversee the Carry Concealed Weapon and Business Licensing Unit of the Professional Standards Division of OCSD. I have held this position since November 4, 2022.

3. Richard Koppel, ("Plaintiff") has applied three times to OCSD for a CCW license. His first application was in 2015 and was denied for lack of good moral character after he failed the psychological examination. Plaintiff passed the good cause requirement.

4. Plaintiff applied again in 2017 and was similarly denied for lack of good moral character after he failed the psychological examination. Again, his denial was not due to lack of good cause.

5. On June 24, 2022, OCSD received a bulletin from the California Attorney General regarding the holding of the United States Supreme Court's holding in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen* (2022) 142 S. Ct. 2111, which was decided on June 23, 2022. The Attorney General's bulletin announced that the U.S. Supreme Court repudiated the "good cause" requirement of 26150(a)(2) and instructing sheriffs and police chiefs to stop enforcing the good cause requirement but to continue applying and enforcing all other requirements to obtain a license, including the "good moral character" requirement found in subsection (a)(1). Attached hereto as **Exhibit A** is a true and correct copy of the Attorney General's bulletin.

6. OCSD immediately stopped applying the good cause requirement but continued applying the good moral character requirement. In addition, OCSD began revising its CCW policies to remove any reference to the good cause requirement.

7. Plaintiff submitted his third CCW application on July 2, 2022. On March 1, 2023, I informed Plaintiff via letter that he was being referred to the psychological examination portion

of the CCW process in accordance with Penal Code section 26190(f)(1). A true and correct copy of the March 1, 2023, letter is attached hereto as **Exhibit B**.

       8.     On March 8, 2023, OCSD received an email from Plaintiff acknowledging receipt of my March 1, 2023, letter and objecting to the referral to psychological testing citing to the United States Supreme Court's holding in *Bruen*. A true and correct copy of the email correspondence is attached hereto as **Exhibit C**. On March 28, 2023, after receiving numerous emails and letters from Plaintiff, I responded to him informing him that the basis for the psychological examination was due to information provided in his application and the results of his previous psychological examinations. I further informed him that the purpose of the examination is only to determine whether he is suitable to carry a concealed firearm and that OCSD does not control how the evaluations are conducted. A true and correct copy of my email correspondence is attached hereto as **Exhibit D**.

       9.     On April 26, 2023, after additional emails from Plaintiff complaining of the psychological examination and the procedures used by the psychologist, Dr. Gallivan, I informed Plaintiff that his application would be put aside (withdrawn) until he and Dr. Gallivan come to an agreement on the examination procedures, and he is able to complete the required psychological examination. I further informed him that once he completes the examination, OCSD can reopen his application and continue with the process. A true and correct copy of my email correspondence with Plaintiff is attached hereto as **Exhibit E**. Thereafter, Plaintiff never completed the psychological examination and proceeded with filing this lawsuit in May 2022.

      10.    OCSD maintains policies and procedures for the issuance of CCW licenses. Attached hereto as **Exhibit F** is true and correct copy of OCSD's CCW policies.

      11.    Section 218.4 found at page 2 of **Exhibit F** states at subsection (1)(c)(3):

> If at any step of the application process, the Sheriff or designee determines that the application package is incomplete, the Sheriff or authorized designee may…withdraw the application.

      12.    Section 218.3 found at page 1 of **Exhibit F**, provides nine (9) requirements to qualify for a CCW license such as subsections:

-2-
DECLARATION OF CARLOS SANCHEZ

(5) Be of good moral character as outlined in section 218.4 (Penal Code § 26150); and

(8) Be free from any psychological conditions that might make the applicant unsuitable for carrying a concealed firearm (Penal Code § 26190).

13. Section 218.4.1 found at page 4 of **Exhibit F** provides nine (9) criteria OCSD considers when determining whether an applicant satisfies the good moral character requirement of Penal Code section 26150(a)(1). An applicant shall be denied a CCW license for lack of good moral character if the applicant, for instance:

> (i) Is reasonably likely to be a danger to self, others, or the community at large based on a past pattern of behavior or threats involving unlawful violence (including threats or attempts of suicide). In making this determination, the Sheriff or authorized designee shall use an objective inquiry considering the facts and circumstances known at the time of the application or through the Sheriff Department's investigation.
> **Exh. F**, p. 5.

14. Accordingly, pursuant to policy section 218.4(1)(c)(3), Plaintiff never completed the psychological examination so his application status was withdrawn. **Exh. F**, p. 2; see also, **Exh. E**, OCSD letter informing Plaintiff of this.

15. Moreover, when Plaintiff submitted his third CCW application in July of 2022, *Bruen* had already been decided and OCSD was no longer applying the good cause requirement to CCW applications, including Plaintiff's third application.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 26th day of September, 2023, at Santa Ana, California.

Sgt. Carlos Sanchez #7241
_____
Carlos Sanchez