# Exhibit C

Rodriguez, Monique A

**From:** CCW Permits
**Sent:** Thursday, March 9, 2023 7:37 AM
**To:** Sanchez, Carlos A
**Cc:** Soto, Melissa A; Rodriguez, Monique A
**Subject:** FW: [EXTERNAL] Department's Letter of 03/01/2023

Hi Sarg,

Please see below.

Thank you,

Aida Giese
CCW Licensing Unit
Orange County Sheriff's Department
320 N. Flower Street
Santa Ana, CA 92703
AGiese@ocsheriff.gov


-----Original Message-----
From: Richard Koppel <richardkoppel16@att.net>
Sent: Wednesday, March 8, 2023 4:50 PM
To: CCW Permits <CCWPermits@ocsheriff.gov>
Subject: [EXTERNAL] Department's Letter of 03/01/2023

03/08.2023

Sergeant Carlos Sanchez
Professional Standards Division
Orange County Sherrif;s Department

Re: Referral to Psychologist

Dear Sergeant Sanchez,

Thank you for your letter of 03/01/2023 referring to my application on 7/2/22 for a CCW and referring me to Gina Gullivan, Ph.D.,APBB - Licensed Phsychologist for a psychological examination persuant to California Penal Code Section 26190(f)(1). I have contactected her office and been advised that I will not be seeing Dr. Gallivan but one of her associates. I have no objection to which associate is seen as long as they qualify under 26190 and if you could kindly confirm that this is the desire of the department. However, per the United States Supreme Court case of NYSPRA v Bruen the department's request that I see a psychologist is clearly an unconstitutional violation of the Second Amendment guarantee that the right to keep and bear arms shall not be infringed. A referral for psychological testing is clearly not a "regulation (that) is consistent with this Nation's historical tradition of firearm regulation." See NYSPRA at

1

**Decl. CS - Exh. C-2**

2126, 2130-31. Furthermore, the Penal Code unconstitutionally permits issuers to exercise broad discretion in deciding which applicants to refer for phychological evaluation.

"Going forward, therefore, the 43 States that employ objective shall-issue licensing regimes for carrying handguns for self-defense may continue to do so. Likewise, the 6 States including New York potentially affected by today's decision may continue to require licenses for carrying handguns for self-defense so long as those States employ objective licensing requirements like those used by the 43 shall-issue States." See the concurring opinion of Kavenaugh, J., joined into by Roberts, C. J., in NYSPRA.

I simply do not want to waive any rights that I have in regard to the process of seeking a CCW, including but not limited to those specified in Califorina Penal Code Section 26205 concerning the requirment that a licensing authority give written notice to the applicant regarding the approval or denial of a license within 90 days of the initial application for a new license, or 30 days after receipt of the applicant's criminal background check from the Departmente of Justice, whichever is later. Here the later date would be 30 edays after the background check completed November 15, 2022.

Kindly forgive me for not properly proofing the above, as I got it off rather quickly.

Most Sncerely Yours,


Richard J. Koppel
ATTENTION: EXTERNAL EMAIL. USE CAUTION WHEN OPENING ATTACHMENTS OR CLICKING ON LINKS. REPORT SUSPICIOUS MESSAGES TO THE IT HELP DESK.

**Decl. CS - Exh. C-3**