UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 23-00813-GW (DFM) | Date: | October 11, 2023 |
|---|---|---|---|
| Title | Richard J. Koppel v. Robert Bonta et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Ordering Supplemental Briefing re: Plaintiff's Motion for a Preliminary Injunction (Dkt. 19)

On September 14, 2023, Plaintiff filed a motion for a preliminary injunction. See Dkt. 19. Plaintiff seeks to enjoin Defendants Robert Bonta and Don Barnes from enforcing California Penal Code §§ 25400, criminalizing public carry; 26150(a), providing that an issuing authority "may issue" a concealed carry weapon ("CCW") license; 26150(a)(1), the "good moral character" requirement; and 26190(f), compelling psychological testing. On September 26, Defendants filed their respective oppositions. See Dkts. 29, 30. On October 4, Plaintiff filed his reply. See Dkt. 31. The motion is fully briefed and set for hearing on October 17. See Dkt. 26.

The parties' briefing briefly mentions Senate Bill 2 ("SB 2"), which will become effective on January 1, 2024. SB 2 will substantially modify California's CCW licensing scheme. As relevant here, SB 2 removes the good moral character and good cause requirements and directs that issuing authorities "shall issue or renew" a CCW license upon proof that the applicant is not disqualified under Section 26202, over twenty-one, a resident of the relevant city, has completed a course of training, and is the recorded owner of the firearm. See Cal. Penal Code §§ 26150(a), 26155(a) (Deering 2022).

Section 26202 sets forth criteria to determine whether a person is disqualified from receiving or renewing a CCW license. See id. § 26202. Such criteria include, among other factors, whether the applicant is "reasonably likely to be a danger to self, others, or the community at large," as demonstrated by the application, investigation, or shown by the results of psychological testing, has been subject to certain court orders or convicted of certain rimes, has used a firearm in a reckless manner, or is currently abusing certain controlled substances or alcohol. See id. § 26202(a). SB 2 also adds an appeal procedure that allows an unsuccessful applicant to contest the denial of an initial license or renewal application. See id. § 26206.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

      The changes brought about by SB 2 appear to provide Plaintiff with most, if not all, of the injunctive relief he seeks, which may cause this case to lose its character as a "present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." Diffenderfer v. Central Baptist Church of Miami, Inc., 404 U.S. 412 (1972); see also Qwest Corp. v. City of Surprise, 434 F.3d 1176, 1182 (9th Cir. 2006) ("[T]he newly enacted ordinances resolve the dispute before the court and extinguish the once live case or controversy."). To put it plainly, the Court is not inclined to pass judgment on laws that will soon cease to exist.

      Accordingly, the Court **ORDERS** the parties to submit supplemental briefing (up to 10 pages) by Friday, October 20, 2023, regarding the effect of SB 2 on Plaintiff's motion.[1] At a minimum, the briefing should address whether the Court should deny Plaintiff's motion for a preliminary injunction without prejudice to filing a new motion challenging California's amended CCW laws once they take effect. See New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York, 140 S. Ct. 1525, 1526 (2020) (finding claim for declaratory and injunctive relief against New York City's prior firearm rule was moot and suggesting that on remand, the plaintiffs may amend their pleadings). The October 17 hearing is **CONTINUED** to November 1, 2023, at 10:00 am.

---

[1] Defendants may file separate or joint briefs.