Rob Bonta
Attorney General of California
R. Matthew Wise
Supervising Deputy Attorney General
Nicole J. Kau
Deputy Attorney General
State Bar No. 292026
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6220
  Fax:  (916) 731-2125
  E-mail:  Nicole.Kau@doj.ca.gov
*Attorneys for Defendant Attorney General Rob Bonta*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD J. KOPPEL,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT BONTA, in his official capacity as Attorney General of the State of California, DON BARNES, in his official capacity as the Sheriff-Coroner of the County of Orange, State of California, and DOES 1-10,**<br><br>Defendants. | 8:23-cv-00813 (C.D. Cal.)<br><br>**DEFENDANT ATTORNEY GENERAL ROB BONTA'S SUPPLEMENTAL BRIEFING REGARDING EFFECT OF SB 2 ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:          November 1, 2023<br>Time:          10:00 a.m.<br>Courtroom:  9D<br>Judge:         The Honorable George H. Wu<br>Action Filed: May 9, 2023 |

## INTRODUCTION

Plaintiff Richard Koppel's challenge to California's soon-to-be-modified Carry Concealed Weapon (CCW) licensing provisions will shortly be "mooted by new legislation which eliminates the aspects of the old law which gave rise to the challenge." *Montana Wilderness Ass'n, Nine Quarter Circle Ranch v. U.S. Forest Serv.,* 655 F.2d 951, 958 (9th Cir. 1981).  As of January 1, 2024, Senate Bill 2 will moot the central claims of Plaintiff's case—namely, that the current concealed

carry licensing scheme violates Plaintiff's constitutional rights because it purportedly employs a "may issue" rather than "shall issue" standard, includes a good moral character requirement, allegedly fails to provide a statutory basis to require a psychological exam, and does not specify the terms of an appeal process.[1] In these circumstances, "'where the mootness is attributable to a change in the legal framework governing the case, and where the plaintiff may have some residual claim under the new framework that was understandably not asserted previously,'" it is appropriate to reserve judgment and to allow the parties to "'amend their pleadings.'" *New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525, 1526 (2020) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 482–483, (1990)).  This Court should hold Plaintiff's motion for a preliminary injunction in abeyance, and on or after January 1, 2024, deny the motion without prejudice and allow him to file an amended complaint if he intends to assert any residual claims under SB 2's new licensing framework.

## STATUTORY BACKGROUND

SB 2 was enacted on September 26, 2023, and becomes effective on January 1, 2024.  Declaration of Nicole J. Kau in support of Defendant Bonta's Opposition to Motion for Preliminary Injunction, Ex. A (SB 2 (2023-2024 Reg. Sess.))  Under this new licensing scheme, when a person applies for a new license or license renewal to carry a concealed weapon, the sheriff or police chief *shall* issue or renew a license upon proof that (1) the applicant is not a disqualified person, as set forth in Penal Code section 26202; (2) the applicant is at least 21 years of age; (3) the applicant's residence or principal place of employment or business is in the county; (4) the applicant has completed a course of training; and (5) the applicant is the recorded owner, with the California Department of Justice, of the firearm for which the license will be issued.  *Id*., §§ 10-11.  Under the amended section 26202, a

---

[1] SB 2 also moots Plaintiff's challenge to the good cause requirement, which is pleaded in the Complaint (ECF No. 1, Prayer for Relief, ¶¶ 12-13) but not contested in the motion for a preliminary injunction.

person is disqualified from the license if the applicant is reasonably likely to be a danger to self, others, or the community at large, as shown by the results of any psychological assessment or other specified factors. *Id.*, § 21. Other disqualifying criteria under the same section include being subject to a restraining or protective order within the last five years, certain convictions within the last 10 years, use of a firearm in a reckless manner, and current abuse of controlled substances. *Id.* And as is true of the current licensing scheme, a license shall not be issued if the applicant is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm. *Id.*, § 18.

As relevant here, SB 2 removes the good moral character and good cause requirements. SB 2 also adds an appeal process that allows an applicant to contest, at a court hearing, any decision denying a license. *Id.*, § 23.[2]

## ARGUMENT

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Even where there was a live controversy when the case was filed, "the case becomes moot" when "a new law is enacted . . . and resolves the parties' dispute." *Qwest Corp. v. City of Surprise*, 434 F.3d 1176, 1181 (9th Cir. 2006). "Where[, as here,] new legislation represents a complete substitution for the law as it existed . . . , arguments based upon the superseded part are moot." *Matter of Bunker Ltd. P'ship v. United States of America*, 820 F.2d 308, 312 (9th Cir. 1987). As this Court noted, that is the situation here: SB 2 "appear[s] to provide Plaintiff with most, if not all, of the injunctive relief he seeks." ECF No. 34 at 2.

The heart of Plaintiff's case is his Second Amendment challenge to the good moral character and psychological exam requirements set forth in California Penal Code sections 26150(a)(1), 26155(a)(1), and 26190(f). In addition, Plaintiff alleges

---

[2] Two lawsuits have been filed challenging SB 2's sensitive places restrictions, which are not at issue here. *May v. Bonta*, C.D. Cal., No. 8:23-cv-01686, and *Carralero v. Bonta*, C.D. Cal., No. 8:23-cv-01798.

that California unconstitutionally employs a "may issue" licensing scheme, that section 26190(f) does not authorize psychological testing, and that the current licensing scheme lacks an appeal process and thus violates his due process rights.

SB 2 unquestionably removes the good cause and good moral character requirements. Kau Decl., Ex. A., §§ 10-11. It modifies the "may issue" standard to a "shall issue" standard. *Id.* It specifies that the licensing authority may consider the results of any psychological assessment when evaluating whether the applicant is "reasonably likely to be a danger to self, others, or the community at large." *Id.*, § 21. And it adds language setting forth an appeal process that provides for a court hearing to a person whose application for a new license or license renewal is denied. *Id.*, § 23.

SB 2 will thus moot the following issues raised by Plaintiff's motion: (1) all arguments relating to the good moral character requirement, including those addressing the Second Amendment's text, history, and tradition, (2) the argument that the current statutory scheme does not authorize a psychological exam, (3) the allegation that California employs a "may issue" licensing scheme, and (4) the due process claim alleging that the current licensing scheme lacks an appeal process. *See Matter of Bunker Ltd. P'ship*, 820 F.3d at 311. Accordingly, the motion should be denied without prejudice.

While this court must "avoid [issuing] advisory opinions on abstract propositions of law," Plaintiff "may wish to amend his complaint . . . to attack the newly enacted legislation." *Diffenderfer v. Central Baptist Church of Miami, Inc.*, 404 U.S. 412, 415 (1972) (after new legislation mooted appellants' claim, the Supreme Court vacated judgment and remanded with leave to amend the complaint); *see also New York State Rifle & Pistol Ass'n, Inc.*, 140 S. Ct. at 1526 (quoting *Lewis*, 494 U.S. at 482); *Temple v. Abercrombie*, 903 F. Supp. 2d 1024, 1030–31 (D. Haw. 2012) (where challenge to former law was mooted by new law, any challenge "would require an Amended Complaint that references the specific

provisions of' the new law).  If Plaintiff elects to challenge SB 2, he should amend the Complaint to reference the specific provisions he is contesting.

## CONCLUSION

The motion for a preliminary injunction should be held in abeyance, and on or after January 1, 2023, should be denied without prejudice.

Dated:  October 20, 2023                    Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General

/s/ NICOLE J. KAU____
NICOLE J. KAU
Deputy Attorney General
*Attorneys for Defendant Attorney General Rob Bonta*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Attorney General Rob Bonta, certifies that this brief is four pages, which complies with the page limit set by court order dated October 11, 2023.

Dated:  October 20, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California

/s/Nicole J. Kau____
NICOLE J. KAU
Deputy Attorney General
*Attorneys for Defendant Attorney General Rob Bonta*

# CERTIFICATE OF SERVICE

Case Name: **Koppel, Richard James v.**    No.   **8:23-cv-00813 (C.D. Cal.)**
**Robert Bonta, et al.**

I hereby certify that on <u>October 20, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT ATTORNEY GENERAL ROB BONTA'S SUPPLEMENTAL BRIEFING REGARDING EFFECT OF SB 2 ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 20, 2023</u>, at Los Angeles, California.

|  |  |
|---|---|
| Kevin Carballo | *Kevin Carballo* |
| Declarant | Signature |

SA2023302914
POS.docx