LEON J. PAGE, COUNTY COUNSEL
CAROLYN M. KHOUZAM, DEPUTY (SBN 272166)
carolyn.khouzam@coco.ocgov.com
KAYLA N. WATSON, DEPUTY (SBN 286423)
kayla.watson@coco.ocgov.com
400 West Civic Center Drive, Suite 202
Santa Ana, California 92701
P.O. Box 1379
Santa Ana, California 92702-1379
Telephone: (714) 834-3300
Facsimile: (714) 834-2359

Attorneys for Defendant DON BARNES,
ORANGE COUNTY SHERIFF-CORONER

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| RICHARD J. KOPPEL,<br><br>                    Plaintiff,<br><br>    v.<br><br>ROBERT BONTA, in his capacity as Attorney General of the State of California, DON BARNES, in his official capacity as the Sheriff-Coroner of the County of Orange, State of California, and DOES 1-10,<br><br>                    Defendants. | Case No.    8:23-cv-00813-GW-DFM<br><br>Assigned to the Honorable Judge George H. Wu<br><br>Magistrate Judge: Honorable Douglas F. McCormick<br><br>**DEFENDANT DON BARNES' SUPPLEMENTAL BRIEF PER THE COURT'S OCTOBER 11, 2023, MINUTE ORDER [ECF 34]; DECLARATION OF KAYLA N. WATSON FILED CONCURRENTLY HEREWITH**<br><br>Date:      November 1, 2023<br>Time:     10:00 a.m.<br>Ctrm.:    6B, U.S.D.C. Santa Ana<br>           [before Magistrate Judge<br>           Douglas F. McCormick] |

*OFFICE OF THE COUNTY COUNSEL*
*COUNTY OF ORANGE*

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

Defendant Barnes submits this supplemental brief regarding the passage of SB 2 and its effect on Plaintiff's motion for preliminary injunction and underlying claims.  For the reasons stated below, Plaintiff's claims are moot and unripe, rendering this Court without jurisdiction, and requiring his motion to be denied and the complaint dismissed with prejudice.

I.      **The Passage of SB 2 Has Rendered Plaintiff's Motion and Underlying Claims Moot**

A case becomes moot if a change in circumstance renders it "impossible for a court to grant any effectual relief" to the prevailing party. *Knox* v. *Serv. Emps. Int'l Union*, 567 U.S. 298, 307 (2012).  If, for instance, a challenged law is repealed or amended by newly enacted legislation while the case is pending, there is generally no longer a live controversy, and the matter becomes moot.  *N.Y. State Rifle & Pistol Ass'n, Inc.* v. *City of New York*, 140 S. Ct. 1525, 1526 (2020) (per curiam) [finding case moot where, while the case was pending, New York City amended its firearm laws to grant "the precise relief that petitioners requested in the prayer for relief in their complaint"].[1]  Indeed, "[a] request for injunctive relief remains live only so long as there is some present harm left to enjoin."  *Bayer v. Nieman Marcus Grp., Inc.,* 861 F.3d 853, 864 (9th Cir. 2017).  "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit," (*Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013)) when "an intervening circumstance" ...eliminates the case or controversy

---

[1] See also, *Elim Romanian Pentecostal Church v. Pritzker* 140 S.Ct. 2823 (2020) [denying injunctive relief due to issuance of new guidance]; *Rosebrock v. Mathis* 745 F.3d 963, 971 (9th Cir. 2014) [A change in law "is usually enough to render a case moot, even if the [government] possesses the power to reenact the [law] after the lawsuit is dismissed."]; *Outdoor Media Grp., Inc. v. City of Beaumont,* 506 F.3d 895, 901 (9th Cir. 2007) [injunctive relief claim based on ordinance mooted upon ordinance's repeal]; *Santa Monica Food Not Bombs v. City of Santa Monica*  450 F.3d 1022, 1031-32 (9th Cir. 2006) [amendments to city ordinances rendered facial challenges to those ordinances moot].

DEFENDANT DON BARNES' SUPPLEMENTAL BRIEF PER THE COURT'S
OCTOBER 11, 2023, MINUTE ORDER [ECF 34]

required by Article III, "the action can no longer proceed and ***must be dismissed as moot***." *Pierce v. Ducey,* 965 F.3d 1085, 1089 (9th Cir. 2020), quoting, *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (emphasis added).

### A. Plaintiff's Claims Are Mooted by the Passage of SB 2

Plaintiff seeks to enjoin Defendants from enforcing Penal Code[2] section 25400, which makes it a crime to carry a concealed firearm without a license, on the basis that sections 26150, 26155, 26250 and 26190 are unconstitutional on their face and as applied after the Supreme Court's ruling in *New York Rifle & Pistol Ass'n. Inc. v. Bruen* 142 S. Ct. 2111 (2022) ("*Bruen*"). However, the signing of SB 2 into law by Governor Newsom on September 26, 2023, repealed the very laws that Plaintiff seeks to enjoin, thereby mooting his claims, removing any live controversy between the parties, and any action for this Court to enjoin. For this reason and the reasons stated below, Plaintiff's motion must be denied, and the matter dismissed with prejudice as any attempt at amending the complaint would be futile.

### 1. *Penal Code sections 26150 and 26155*

Plaintiff alleges that sections 26150 and 26155's "may issue" language, is unconstitutional after *Bruen.* Motion at pp. 5-8. However, SB 2 repeals and amends sections 26150(a) and 26155(a) "may issue" language by replacing it with "shall issue" language, consistent with *Bruen.* The newly enacted sections 26150(a) and 26155(a)[3] state in pertinent part[4]:

> (a) When a person applies for a <u>new</u> license <u>or license renewal</u> to carry a pistol, revolver, or other firearm capable of being concealed upon the person, the sheriff of a county <u>shall</u> issue <u>or renew</u> a license to that person upon proof of all of the following…
>
> 2023 Cal. Legis. Serv. Ch. 249 ("S.B. 2"); see, Declaration of Kayla N.

[2] All references are the California Penal Code unless otherwise stated.
[3] The changes to section 26155(a)'s "may issue" language is the same as the changes made to section 26150(a).  See, **Exhibit A** at **A-018**.
[4] The underlined words are contained in the original (See **Exh. A**) and reflect the amendments to the Penal Code.

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

2

Watson ("Watson Decl.") at **Exhibit A, p. A-017**.

Accordingly, Plaintiff's motion to enjoin enforcement of sections 26150 and 26155 on this basis are mooted by the enactment of SB 2.

Plaintiff further seeks to enjoin Defendants from enforcing the "good moral character" requirement of sections 26150(a)(1) and 26155(a)(1). Motion at pp. 5-8. However, SB 2 repeals subsections (a)(1) and (a)(2) – the "good moral character" and "good cause" requirements – and replaces them with the following:

> (a)(1) The applicant is not a disqualified person to receive such a license, as determined in accordance with the standards set forth in Section 26202.
> (2) The applicant is at least 21 years of age, and presents clear evidence of the person's identity and age, as defined in Section 16400.
> S.B. 2; **Exh. A at A-017**.[5]

Accordingly, Plaintiff's motion to enjoin enforcement of section 26150 and 26155 on this basis are mooted by the enactment of SB 2.

### 2. The Psychological Exam

Plaintiff seeks to enjoin Defendant Barnes from utilizing a psychological exam as a condition to determining whether he meets the good moral character requirement of sections 26150(a)(1) and 26155(a)(1).  Motion at pp. 9-10, 16.  However, as stated above, SB2 removes subsection (a)(1)'s good moral character requirement and replaces it with "disqualified person" as defined in section 26202.  See, **Exh. A at A-017**.  In addition, section 26202[6] was repealed by SB 2, and replaced with the following, in pertinent part:

---

[5] The changes to section 26155 are the same as 26150.  See, **Exh. A at A-018**.
[6] Former Penal Code section 26202 stated: "Upon making the determination of good cause pursuant to Section 26150 or 26155, the licensing authority shall give written notice to the applicant of the licensing authority's determination. If the licensing authority determines that good cause exists, the notice shall inform the applicants to proceed with the training requirements specified in Section 26165. If the licensing authority determines that good cause does not exist, the notice shall inform the applicant that the request for a license has been denied and shall state the reason from the department's published policy, described in Section 26160, as to why the determination was made."

(a) Unless a court makes a contrary determination pursuant to Section 26206, an applicant shall be deemed to be a disqualified person and cannot receive or renew a license pursuant to Section 26150, 26155, or 26170 if the applicant:

(1) Is reasonably likely to be a danger to self, others, or the community at large, as demonstrated by anything in the application for a license or through the investigation described in subdivision (b), or as shown by the results of any psychological assessment, including, but not limited to, the assessment described in subdivision (e) of Section 26190.

S.B. 2; **Exh. A at A-026**.

Moreover, on October 2, 2023, Plaintiff sent an email to Defendants' counsel indicating that he would agree to submit to the psychological assessment, further mooting Plaintiff's claims here. See, Watson Decl., **Exhibit B**, **¶ 3**. Accordingly, Plaintiff's motion to enjoin the use of a psychological assessment to determine whether he is likely to be a danger to self, others, or the community at large, is mooted by the enactment of SB 2 and Plaintiff's own actions.

### 3. *Penal Code Section 26205 and Plaintiff's Due Process Claims*

Plaintiff also seeks to enjoin enforcement of the CCW licensing statutes on the basis that they violate his due process rights on the basis that he was not given proper notice under section 26205, and he had no statutory right to appeal the licensing authority's decision. Motion at pp. 10, 16. Plaintiff's claims here are mooted by SB 2 and are also unripe for the following reasons.

First, Plaintiff lacks standing to challenge section 26205 because he never completed his 2022 application, therefore it was never approved or denied, and the statutory notice requirement was never triggered. Any purported injury Plaintiff suffered is caused by his own actions in refusing to complete all the required steps of his application, i.e., the psychological exam, and is not redressable by an order from this Court. See, *Taveras v. New York City, New York,* 2023 WL 3026871, at *8 (S.D.N.Y. Apr. 20, 2023) [finding Petitioner's refusal to accept the CCW license was an injury of his own doing.]

DEFENDANT DON BARNES' SUPPLEMENTAL BRIEF PER THE COURT'S
OCTOBER 11, 2023, MINUTE ORDER [ECF 34]

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

Nevertheless, SB 2 amends section 26205 by specifically adding that the licensing authority's notice requirement is triggered upon receiving the "completed" application.[7] This statutory amendment further demonstrates that Plaintiff's claim is unripe and that he lacks standing until he completes his application.

In addition, SB 2 amends section 26205 by adding subsection (b)[8], which in sum, states that the decision to approve or deny an application shall be done using the statutory requirements in effect as of the date the licensing authority received the completed application, "except for the requirements in former paragraph (2) of subdivision (a) of Sections 26150, 26155, ad 26170." *Id.*  Accordingly, assuming

---

[7] Current Penal Code section 26205 states: "The licensing authority shall give written notice to the applicant indicating if the license under this article is approved or denied.  The licensing authority shall give this notice within 90 days of the initial application for a new license or a license renewal, or 30 days after receipt of applicant's criminal background check from the Department of Justice, whichever is later.  If the license is denied, the notice shall state which requirement was not satisfied."
SB 2 amends section 26205 to state the following: * * * (a) Unless otherwise specified in subdivision (b), the licensing authority shall give written notice to the applicant indicating if the license under this chapter is approved or denied. The licensing authority shall give this notice within 120 days of receiving the completed application for a new license * * *, or 30 days after receipt of the * * * information and report from the Department of Justice described in paragraph (2) of subdivision (a) of Section 26185, whichever is later. The licensing authority shall give this notice within 120 days of receiving the completed application for a license renewal.

[8] (b) In determining whether to approve or deny an application for a new license or a license renewal the licensing authority shall apply the statutory requirements in effect as of the date the licensing authority received the completed application for a new license or a license renewal, except for the requirements in former paragraph (2) of subdivision (a) of Sections 26150, 26155, and 26170. For applications for a new license submitted prior to the effective date of the act that added this subdivision, the licensing authority shall give written notice to the applicant indicating if the license under this chapter is approved or denied within 120 days of receiving the completed application, or 30 days after receipt of the information and report from the Department of Justice described in paragraph (2) of subdivision (a) of Section 26185, whichever is later. S.B. 2; **Exh. A at A-028**.

DEFENDANT DON BARNES' SUPPLEMENTAL BRIEF PER THE COURT'S
OCTOBER 11, 2023, MINUTE ORDER [ECF 34]

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

arguendo, that Plaintiff decides to sit for his psychological exam as he indicated he would on October 2 but has yet to do, (Watson Decl. ¶ 3) and complete his application any time before SB 2 goes into effect on January 1, 2024, SB 2's statutory requirements for sections 26150 and 26155 would nevertheless be applied to determine whether he is a "disqualified person", thereby further rendering Plaintiff's due process claims unripe and his remaining claims moot.

Lastly, Plaintiff's due process claim is further mooted by SB 2 because SB 2 repeals former section 26206 and replaces it with a new section 26206, which provides an appeal procedure for applicants who are **denied** a CCW license.  Section 26206 states in pertinent part:

> (c) Except as specified in paragraph (2), an applicant shall have 30 days after the receipt of the notice of denial described in subdivision (a) to request a hearing to review the denial or revocation from the superior court of their county of residence.
> (1) Nothing in this section prevents a licensing authority from requiring an applicant to use and exhaust any process for appealing a denial or revocation that may be offered by the licensing authority prior to 30 days after the receipt of the notice of denial described in subdivision (a) before the applicant may request a hearing as described in this subdivision. Licensing authorities that require applicants to use such a process shall resolve any appeal within 60 days of when the appeal is filed.
> (2) If an applicant uses and exhausts any process for appealing a denial or revocation that is offered by the licensing authority as described in paragraph (1), an applicant shall have 30 days after receiving notice of an unsuccessful appeal to request a hearing to review the denial or revocation from the superior court of their county of residence.
> S.B. 2; **Exh. A at A-029**.

As such, even if Plaintiff hypothetically completed his application today, and his application was denied, the notice procedures of newly enacted section 26205 would apply and OCSD would have 120 days to give notice to Plaintiff, which would be in late January 2024 at the earliest.  Accordingly, the appeal procedures of newly enacted section 26206 would be in effect and Plaintiff would be required to first exhaust the

DEFENDANT DON BARNES' SUPPLEMENTAL BRIEF PER THE COURT'S
OCTOBER 11, 2023, MINUTE ORDER [ECF 34]

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

administrative and appellate procedures proscribed therein, which completely bar Plaintiff's ability to bring this challenge in federal court.

Accordingly, given the unique procedural posture of this case, it would be improper for the Court to unnecessarily decide these constitutional challenges where there are alternate grounds available (such as section 26206(c)'s writ of mandate proceeding in superior court) or where there is an absence of a case or controversy, as it would overstep the Court's "proper, limited role in our Nation's governance." *Biden v. Nebraska*, 143 S. Ct. 2355, 2384 (2023) (Kagan, J., dissenting); see also, *Three Affiliated Tribes of Fort Berthold Rsrv. v. Wold Eng'g, P.C.*, 467 U.S. 138, 157, (1984) ["It is a fundamental rule of judicial restraint, however, that this Court will not reach constitutional questions in advance of the necessity of deciding them."]. As recently reiterated by the Supreme Court, the Plaintiff's injury must be "fairly traceable to the challenged conduct and likely to be redressed by the lawsuit." *Biden,* 143 S. Ct. at 2363. That means the Plaintiff must demonstrate that holding the challenged laws or actions unlawful would solve his alleged problems.  See, *Dep't of Educ. v. Brown,* 143 S. Ct. 2343, 2355 (2023).  Plaintiff cannot make such a showing here.

Here, enjoining Defendants from enforcing sections 26150, 26155, 26205, *et al.*, would not solve ***any*** of Plaintiff's problems because he would still be required to complete a psychological exam under the requirements of SB 2.  While Plaintiff has recently expressed his willingness to do so, even if he does, he must then wait up to 120 days to receive notice of whether his application is approved or denied.  If he is denied a CCW license, then he is required to utilize the appeal procedures proscribed by section 26206 and file a writ of mandate in the Orange County Superior Court, bringing Plaintiff's challenge outside of the this Court's jurisdiction.  For this reason, Plaintiff's motion must be denied, and the complaint dismissed with prejudice.

## II.    No Exception to Mootness is Applicable

Plaintiff cannot overcome the presumption that a change in law moots his claims

DEFENDANT DON BARNES' SUPPLEMENTAL BRIEF PER THE COURT'S
OCTOBER 11, 2023, MINUTE ORDER [ECF 34]

here and there is no exception to the mootness doctrine that can be invoked.

## A. The Voluntary Cessation Doctrine Does Not Apply

The "voluntary cessation doctrine" recognizes that "a defendant cannot []
automatically moot a case simply by ending its unlawful conduct once sued." *Already,
LLC,* 568 U.S. at 91-92. This exception is inapplicable to Plaintiff's claims for several
reasons.

First, "in order for this exception to apply, the defendant's voluntary cessation
must have arisen *because of* the litigation." *Pub. Utilities Comm'n of State of Cal. v.
F.E.R.C.,* 100 F.3d 1451, 1460 (9th Cir. 1996) (emphasis in original). That is clearly not
the case here. There is simply no viable connection between this lawsuit and the passage
of SB 2.  The California Legislature has been working on this bill since *Bruen* was
decided last year, before Plaintiff submitted his third CCW application in July 2022, and
well before Plaintiff filed this lawsuit.

Second, "[t]he government's change of policy presents a special circumstance in
the world of mootness." *Am. Cargo Transp., Inc. v. U.S.,* 625 F.3d 1176, 1180 (9th Cir.
2010). "[T]he repeal, amendment, or expiration of challenged legislation is generally
enough to render a case moot and appropriate for dismissal." *Bd. of Trustees of
GlazingHealth & Welfare Tr. v. Chambers,* 941 F.3d 1195, 1198 (9th Cir. 2019).[9]  As
recognized by the Supreme Court in *New York State Rifle & Pistol Ass'n, supra,* when

---

[9] This is so "even if the legislature possesses the power to reenact the statute after
the lawsuit is dismissed." *Maldonado,* 556 F.3d at 1042. The presumption that a
government defendant's change in law renders any challenge to that law or policy moot
can only be overcome by a showing that there is evidence in the record - not merely
speculation - that the law or policy will be re-enacted. *Glazing Health & Welfare Trust,*
941 F.3d at 1198-99. Absent evidence that the governmental entity "plans to or already
has reenacted the challenged law or one substantially similar," or that there is a
"reasonable expectation" that officials will revert to the prior policy, the presumption
holds. *Id.* at 1198-1200; *see also Espinoza v. Dzurenda,* 775 F. App'x 362, 362 (9th Cir.
2019).

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

DEFENDANT DON BARNES' SUPPLEMENTAL BRIEF PER THE COURT'S
OCTOBER 11, 2023, MINUTE ORDER [ECF 34]

the law is amended during the litigation, the case is moot notwithstanding the fact that petitioners are unhappy with the new law and continue to allege a possibility of constitutional harm. *N.Y. State Rifle & Pistol Ass'n*, 140 S. Ct. at 1526.  The same result is warranted here.

## B. The Challenged Actions Are Not Capable of Repetition

The exception "capable of repetition, yet evading review" likewise does not apply to this case because that exception is available "only in exceptional situations,[10] where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Hamamoto v. Ige,* 881 F.3d 719, 722 (9th Cir. 2018).

This case clearly does not present one of these "exceptional situations." Accordingly, there is no exception to the mootness doctrine that can save Plaintiff's claims here.

## III. Plaintiff's Motion Must Be Denied and The Complaint Dismissed with Prejudice Pursuant to FRCP 12(b)(1), 12(b)(6), and 12(h)(3)

The objection that a federal court lacks subject-matter jurisdiction under FRCP 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006).  Rule 12(h)(3) instructs: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Id.,* citing to, *Kontrick v. Ryan,* 540 U.S. 443, 455 (2004). Moreover, the objection under Rule 12(b)(6), that a complaint "fail[s] to state a claim upon which relief can be granted…may be made in any pleading…" *Arbaugh,* 540 U.S. at 459.  In addition, "[a] trial court may act on its own initiative to note the inadequacy

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

---

[10] This exception is most often implicated in cases involving fixed-term events such as pregnancies or elections. *Porter v. Jones,* 319 F.3d 483, 490 (9th Cir. 2003).

DEFENDANT DON BARNES' SUPPLEMENTAL BRIEF PER THE COURT'S
OCTOBER 11, 2023, MINUTE ORDER [ECF 34]

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

of a complaint and dismiss it for failure to state a claim...." *Wong v. Bell,* 642 F.2d 359, 361-362 (9th Cir.1981) [finding that dismissal is proper under Rule 12(b)(6) because plaintiffs cannot possibly win relief under the statute they have urged.][11]

Here, the enactment of SB 2 making it impossible for the Plaintiff to succeed on his complaint, even if granted leave to amend, because assuming he completes his application, and assuming his application is denied, Plaintiff is legally required to first challenge the denial in superior court under section 26206.  The enactment of SB 2 deprives this Court of subject matter jurisdiction, warranting dismissal with prejudice now.

Lastly, this case cannot overcome mootness by the simple fact that Plaintiff seeks nominal damages. See, Complaint [ECF 1], at p. 34. Plaintiff is legally barred from seeking damages against the Defendants, who are state officials, under section 1983. *Arizonans for Official English v. Arizona* 520 U.S. 43, 69, fn. 24 (1997) [claim for nominal damages does not save suit from mootness inquiry because state officers are not subject to damages under section 1983.]  As such, Plaintiff's complaint must be dismissed because they are moot and unripe and cannot be saved by any amendment.

## IV.  CONCLUSION

For the reasons stated herein, the passage of SB renders any decision in this case superfluous, the motion must be denied, and the matter dismissed with prejudice.


Dated:  October 20, 2023

/s/ *Kayla N. Watson*
Kayla N. Watson, Deputy

Attorneys for Defendant DON BARNES.
ORANGE COUNTY SHERIFF-CORONER

---

[11] *See* also, *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001) [Facts raised for the first time in a plaintiff's opposition papers should be considered by the Court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice.]

DEFENDANT DON BARNES' SUPPLEMENTAL BRIEF PER THE COURT'S
OCTOBER 11, 2023, MINUTE ORDER [ECF 34]