RICHARD J. KOPPEL-SBN 94045
Inactive Member of State Bar
32 Bellvista
Lake Forest, CA 92610
Tel.: (949) 690-7242
Email: richardkoppel16@att.net
Pro Se

## UNTIED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| RICHARD J. KOPPEL,<br><br>            Plaintiff,<br><br>v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California, DON BARNES, in his official capacity as the Sheriff - Coroner of Orange County, State of California, and DOES 1 – 10.<br><br>            Defendants. | CASE NO. 8:23-CV-00813-GW-DFM<br><br>DECLARATION OF RICHARD J. KOPPEL IN SUPPORT OF SUPPLEMENTAL BRIEFING RE. SB2 |

I, Richard J. Koppel, make this Declaration in support of Plaintiff's

Supplemental Breifing Regarding SB 2.

   1. I am the Plaintiff herein.

2. Attached hereto as Exhibit 1 is a true and correct copy of a Policy 218.4.1 of the Orange County SD Policy Manual of the Orange County Sheriff-Coroner Department.

3. I have reviewed the DECLARATION OF KAYLA N. WATSON IN SUPPORT DEFFENDANT DON BARNES' SUPPLEMENTAL BRIEF PER THE COURT'S OCTOBER 11, 2023 MINUTE ORDER [ECF 34]. [Heafter the "Declaration"]

4. At paragraph 4 of the Declaration Attorney Watson declares that she is informed on October 2, 2023, I sent her an email with a letter attached stating that I wanted to complete the psychological examination for my 2022 application. She declares that I, Richard Koppel, sent her an email with a letter attached stating that he wanted to complete the psychological examination for his 2022 application. Those documents attached as Exhibit appear to be genuine copies. What she attached thereto as Exhibit B appear to be true copies of our correspondence.

5. Also at Paragraph 4, Attorney Kayla N. Watson declared under penalty of perjury, that she was informed and believed that as of that day, I had not scheduled the psychological examination.
of today, Mr. Koppel has not scheduled the psychological examination.

6. Attorney Watson's statement is false. She would know it was false if she took reasonable care to inform herself before suggesting that I was not acting in good faith. The fact is that I contacted the psychologist's office by phone on Wednesday, October 4, 2023. I left a voicemail. Not receiving a call back, I sent an email on Sunday, October 8, 2023, to Dr. Gallivan. The next day her assistant called me. Either then or a few days later we schedule examinations. They should be completed well before the hearing now set for November 1, 2023.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 20, 2023, in Lake Forest, California.


/s/Richard J. Koppel
Richard J. Koppel

EXHIBIT 1

- 2. If the Sheriff's Department's Live Scan service is used, applicants shall make payment via credit card or submit a check made payable to "County of Orange, Sheriff's Department" for the required DOJ application processing costs.

(c) Payment of the County's fee will be required upon issuance of a license.

(d) The County's fee does not include any additional fees required for training or psychological testing.

(e) All fees paid are non-refundable.

## 218.4.1   GOOD MORAL CHARACTER DETERMINATION

A determination regarding whether an applicant satisfies the good moral character requirement may only be based on objectively ascertainable criteria. (Penal Code § 26150, 26155). These criteria shall include whether the applicant:

(a) Is prohibited from owning or possessing firearms pursuant to Penal Code §§ 29800, 29805, or 29900, Welfare and Institutions Code §§ 8100 or 8103, 18 U.S.C.§ 922(g), or any state or federal law;

(b) In the last 10 years, has been convicted of any misdemeanor offense or infraction involving the unlawful, reckless, or negligent use, discharge, display, storage, brandishing, possession, sale, receipt, or transfer of a firearm. This subsection shall include convictions for attempt, conspiracy, or solicitation of any firearm- related offense;

(c) To the extent not covered by (a) or (b) above, has been convicted of any misdemeanor offense or infraction in the last 5 years that involves: (1) the use or threat of violence or force, (2) unlawful possession, use, discharge, display, storage, brandishing, sale, receipt, or transfer of a weapon; (3) sexual abuse or exploitation, (4) child or elder abuse or endangerment, (5) false imprisonment, (6) fraud, embezzlement, bribery, money laundering, or other crimes involving dishonesty; (7) the sale, distribution, manufacture, or trafficking of controlled substances; or (8) involvement in a criminal street gang. This subsection shall include convictions for attempt, conspiracy, or solicitation of any such offenses;

(d) Has been subject to any restraining order, protective order, or other type of court order issued pursuant to §§ 6240-6389 of the Family Code; § 136.2 and §§ 18100- 18205 of the Penal Code; §§ 527.6, 527.8, and 527.85 of the Code of Civil Procedure; or §§ 213.5, 304, 362.4, 726.5, or 15657.03 of the Welfare and Institutions Code, unless that order expired or was canceled more than ten years ago;

(e) Has an outstanding warrant for their arrest;

(f) Has been adjudicated a ward of the court for a Welfare and Institutions Code section 707(b) offense;

(g) Within the last year (1 year), has experienced the loss or theft of a firearm due to the applicant's lack of compliance with federal, state, or local law regarding storing, transporting, or securing the firearm;

Copyright Lexipol, LLC 2023/03/22, All Rights Reserved.
Published with permission by Orange County Sheriff-Coroner Department

(h) Makes a material false statement or omission on the application and/or during the interview, or otherwise fails to disclose required information on any underlying portions of the application (i.e.: Dealer Record of Sales, etc.).

(i) Is reasonably likely to be a danger to self, others, or the community at large based on a past pattern of behavior or threats involving unlawful violence (including threats or attempts of suicide). In making this determination, the Sheriff or authorized designee shall use an objective inquiry considering the facts and circumstances known at the time of the application or through the Sheriff's Department's investigation.

**The Sheriff or authorized designee may make a determination as to the good moral character at any step of the application process described above. In the event that an application is denied on the basis that the applicant fails to demonstrate good moral character, the denial shall state the basis on which the Sheriff or authorized designee determined that good moral character was not established.**

### 218.4.2   APPROVAL OR DENIAL NOTIFICATION

Once the Sheriff or authorized designee has verified the successful completion of the process, a final determination will be made.  The application for a license to carry a concealed weapon shall either be approved or denied.

Whether an application is approved or denied during any step of the process, the applicant shall be notified in writing within 90 days of the initial application or within 30 days after receipt of the applicant's criminal background check from the California DOJ, whichever is later. If the license is denied, the notice shall state which requirement was not satisfied (Penal Code § 26205).

The issuance of a license by the Sheriff shall not entitle the holder to either a property or liberty interest as the issuance, amendment, or revocation of such license remains exclusively within the discretion of the Sheriff as set forth herein.

### 218.5   LIMITED BUSINESS LICENSE TO CARRY A CONCEALED WEAPON

The authority to issue a limited business license to carry a concealed firearm to a non-resident applicant is granted only to the Sheriff of the county in which the applicant works. A chief of a municipal police department may not issue limited licenses (Penal Code § 26150). Therefore, such applicants may be referred to the Sheriff for processing.

An individual who is not a resident of the County of Orange, but who otherwise successfully completes all portions of the process, may be issued a limited license subject to approval by the Sheriff and subject to the following:

1. The applicant physically spends a substantial period of working hours in the applicant's principal place of employment or business within the County of Orange (Penal Code § 26150).

2. Such a license will be valid for a period not to exceed 90 days from the date of issuance and will be valid only in the County of Orange (Penal Code § 26220).

# CERTIFICATE OF SERVICE
## BY CM/ECF

**Case Name:   Richard J. Koppel v. Robert Bonta, et al.**

**Case No. 8:23-cv-00813 (C.C. Cal.)**

I hereby certify that on October 20, 2023, I electronically filed the following document with the Clerk of the Court by using the SM/ECF system:

DECLARATION OF RICHARD J. KOPPEL IN SUPPORT OF SUPPLEMENTAL BRIEFING RE SB2

I certify that **all** participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that this Declaration was executed October 20, 2023, at Lake Forest, California.

/s/ *Debra C. Koppel*

DEBRA C. KOPPEL
Declarant