RICHARD J. KOPPEL-SBN 94045
Inactive Member of
The State Bar of California
32 Bellvista
Lake Forest, CA 92610
Tel.: (949) 690-7242
Email: richardkoppel16@att.net
*Pro Se*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| RICHARD J. KOPPEL,<br><br>   Plaintiff,<br><br>v<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California, DON BARNES, in his official capacity as the Sheriff-Coroner of the County of Orange, State of California, and DOES 1 – 10.<br><br>   Defendants. | Case No.: 8:23-cv-00813-GW-DFM<br><br>**NOTICE OF AND PLAINTIFF'S SUPPLEMENTAL BRIEFING REGARDING THE EFFECT OF SB2 ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>DATE:    NOVEMBER 1, 2023<br>TIME:    10:00 A.M.<br>COURT:   U.S.D.C. SANTA ANA<br>CRTRM:   6B<br>JUDGE:   THE HONORABLE UNITED STATES MAGISTRATE JUDGE DOUGLAS F. MCCORMICK<br><br>ACTION FILED: O5/09/2023 |

Please take Notice of Plaintiff's Supplemental Brief Regarding The Effect Of SB2 On Plaintiff's Motion For A Preliminary Injunction, attached hereto and which Brief begins on the following page.

**PLAINTIFF'S SUPPLEMENTAL BRIEFING REGARDING SB2**

## I. THE LAW OF MOOTNESS.

""""[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *County of Los Angeles* v. *Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell* v. *McCormack*, 395 U.S. 486, 496 (1969))." *City of Erie v. Pap's A.M.* (2000) 529 US 277, 287, 120 S.Ct. 1382, 1390. "Voluntary cessation of challenged conduct moots a case, however, only if it is '*absolutely* clear that the allegedly wrongful behavior could not reasonably be expected to recur.' *United States* v. *Concentrated Phosphate Export Assn., Inc.*, 393 U.S. 199, 203 (1968) (emphasis added)." *Adarand Constructors, Inc. v. Slater* (2000) 528 US 216, 221, 120 S.Ct. 722, 725.

"'[I]n deciding a mootness issue, `the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief.'" *West v. Secretary of Dept. of Transp.* (9th Cir. 2000) 206 F3d 920, 925 (emphasis added; internal quotes omitted) quoting *Northwest Envt'l Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244-45 (9th Cir. 1988).

As long as the court can grant *any* meaningful relief, it does not matter that the relief originally sought is unavailable due to changed

circumstances. See *Church of Scientology of Calif. v. United States* (1992) 506 US 9, 12-13, 113 S.Ct. 447, 450.

And **the "`heavy burden** of persua[ding]' the court that the challenged conduct cannot reasonably be expected to start up again **lies with the party asserting mootness.**" *Friends of Earth*, *ante*, at 189 (emphasis added) (quoting *Concentrated Phosphate Export Assn.*, *supra*, at 203)." *Adarand Constructors, Id.* [Added emphasis added here in bold.]

The instant case is best addressed by *City of Mesquite v. Aladdin's Castle,* 455 U.S. 283, 289, 102 S.Ct. 1070, 1075, 71 L.Ed.2d 152 (1982). "[N]early 'all [other] circuits to address the issue' have interpreted *City of Mesquite* 'to support the rule that repeal of a contested ordinance moots a plaintiff's injunction request, absent evidence that the City plans to or already has reenacted the challenged law or one substantially similar.' *McCorvey v. Hill* , 385 F.3d 846, 849 (5th Cir. 2004) (internal quotation marks omitted)

Where Declaratory and Injunctive relief is requested for violation of civil rights a case is not moot where nominal damages are sought, as is here

the case. See *Bernhardt v. County of Los Angeles*, 279 F.3d 862 865 (9th Cir. 2002) concerning Ninth Circuit precedent:

> "*Lokey v. Richardson,* 600 F.2d 1265, 1266 (9th Cir. 1979) (per curiam) (holding that, although claim for injunctive relief was mooted, case was not moot because plaintiff prayed for damages and, regardless of actual damages, plaintiff could be entitled to nominal damages); *see also Knight v. Kenai Peninsula Borough Sch. Dist.,* 131 F.3d 807, 812 (9th Cir. 1997) (holding that, although actual damages claim might be rendered moot, case was not moot because plaintiff could still obtain nominal damages); *Chew v. Gates,* 27 F.3d 1432, 1437 (9th Cir. 1994) (same)."

Also, for a a more recent Ninth Circuit decision on the effect of a prayer for nominal damages see *Johnson v. Rancho Santiago Comm. College Dist.* (9th Cir. 2010) 623 F3d 1011, 1018-1019, where "[a]s an initial matter" the Court noted, citing *Bernhardt v. County of Los Angeles*, *Ibid* at 872, "that the plaintiff's' prayer for nominal damages for their substantive due process, procedural due process, and equal protection claims prevents those claims from becoming moot."

II.     **SB2 HAS NOT MOOTED THE CASE OR CONTROVERSY.**

*Difenderfer v. Central Baptist Church of Miami, Inc.*, 404 U.S. 412 (1972) [ordinance exempting parking lots on church property were

PLAINTIFF'S SUPPLEMENTAL BRIEFING RE SB2

PAGE 3

exempted from a tax) and *Qwest Corp. v. City of Surprise.,* 434 F.3d 1176, 1182 (9th Cir. 2006) [tax and licensing ordinance on communications business was challenged as pre-empted by Arizona law] are both cases in which ordinances resolved the dispute before the court. However, this case is one in which the State "already has reenacted the challenged law or one substantially similar."

The primary disputes here challenged are anything but resolved since California "already has reenacted the challenged law or one substantially similar" ala *McCorvey, id.* Moreover, **it is the Defendants' burden** "to show . . . that the likelihood of further violations is sufficiently remote to make injunctive relief unnecessary.' *Mesquite,* at U.S. 289, n. 10 approvingly citing *United States* v. *W. T. Grant Co.*, 345 U.S. 629, 633-636 (1953) for the proposition that

> "A case might become moot if subsequent events made it **absolutely clear** that the allegedly wrongful behavior could not reasonably be expected to recur. . .. Of course it is still open to appellees to show, on remand, that the likelihood of further violations is sufficiently remote to make injunctive relief unnecessary".
>
> [Emphasis in bold added on the requirement of absolute clarity.]

### A. The prayer for nominal damages alone prevents a finding of mootness.

See the Complaint, pp. 24, ¶ 14, ll. 18 – 21 along with Declaratory and Injunctive relief claims/ See *Bernhardt v. County of Los Angeles*, 279 F.3d 862 865 (9th Cir. 2002) citing *Lokey v. Richardson,* 600 F.2d 1265, 1266 (9th Cir. 1979) (per curium) (claim for injunctive relief mooted, but case was not moot because of prayer for nominal damages); *Knight v. Kenai Peninsula Borough Sch. Dist.,* 131 F.3d 807, 812 (9th Cir. 1997) (holding that, actual damages claim might be rendered moot, but case was not moot where plaintiff could still obtain nominal damages); *Chew v. Gates,* 27 F.3d 1432, 1437 (9th Cir. 1994) (same)."

### III. SB2'S REENACTED LAW IS SUBSTANITALLY SIMILAR TO THE ONE VOLUNTARILY ABANDONED.

While the changes brought about by SB2 initially appear to provide Plaintiff with most, if not all, of the injunctive relief he seeks, a close comparison of the present and the coming law shows that come January 1, 2024, California's licensing regime remains substantially similar, and the appearance of any difference is smoke and mirrors.

### A. The requirements that one must be a person of Good Moral Character and that one must not be an Unqualified Person are substantially similar.

Defendants will proclaim that the ostensible good moral character requirement is no more, but the GMC requirement in the guise of the requirement that an applicant is not an unqualified person. That the two are substantially the same seen from comparing the criteria for determining GMC against that for determining that an applicant is not an unqualified person. Simply compare Policy 218.4.1 of the *Orange County SD Policy Manual,* Ex. 1 to Dec of RJK filed herewith, against this Court's evaluation of criteria for determining whether a person is disqualified. [1]

### B. Psychological testing in violation of Bruen continues unabated.

The psychological testing requirement that was set forth in §26190(f) will be alive and well come January 1, 2023, as §26190(e). Actually, it is even

---

[1] The criteria to determine whether a person is disqualified from receiving or renewing a CCW license "include, among other factors, whether the applicant is 'reasonably likely to be a danger to self, others, or the community at large,' . . . has been subject to certain court orders or convicted of certain crimes, has used a firearm in a reckless manner or is currently abusing certain controlled substances or alcohol." Civil Minutes this case, October 11, 2023, pp 1, ¶ 3.

more onerous.  Pre-SB2 the applicant's examination cost is limited to $150. Post the full cost is on the applicant, with the only limit being the charge may not "exceed the reasonable costs to the licensing authority."

### C. SB2's Right of Appeal is an illusory, meaningless violation of Due Process.

#### 1. The right to public carry is a Liberty protected by Due Process.

"Without doubt, it [the term Liberty] denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized . . . as essential to the orderly pursuit of happiness by free men." *Meyer* v. *Nebraska*, 262 U.S. 390, 399. In a Constitution for a free people, there can be no doubt that the meaning of "liberty" must be broad indeed. See, *e. g., Bolling* v. *Sharpe*, 347 U.S. 497, 499-500; *Stanley* v. *Illinois*, 405 U.S. 645."

*Board of Regents v. Roth*, 408 U.S. 564, 572, 92 S. Ct. 2701 (1972) ["the term Liberty" added for clarification of "it".]

**2. The provisions for Superior Court review are violative of Due Process.**

"'The fundamental requisite of due process of law is the opportunity to be heard.' *Grannis* v. *Ordean*, 234 U.S. 385, 394 (1914). The hearing must be 'at a meaningful time and in a meaningful manner. *Armstrong* v. *Manzo*, 380 U.S. 545, 552 (1965).'" *Goldberg v. Kelly*, 397 U.S. 254, 266 (1970).

If an application is denied, the applicant has a scant 30 days to decide to request a hearing in Superior Court. § 26206(c). During that 3 days they must decide if they can afford to go up against The People represented by the District Attorney. That entails finding and budgeting for court costs and attorney fees. This is a daunting task for many good citizens who have never had to retain legal counsel.

It isn't clear when, if ever, an applicant will get their day in court. While a hearing is to be set within 60 days, the District Attorney is entitled to a 30 day continuance and may get up to a 60 day continuance. § 26206(d)(1). § 26206(c)(1) specifies that a licensing authority may require the applicant to usend exhaust **any process** offered by the licensing authority before the applicant an applicant's right of appeal to the Superior Court is perfected.

**3. Appellants may not be permitted to see the evidence against them.**

The licensing authority may elect to only file a declaration summarizing the information it relied upon in denying or revoking a license. [2] So much for confronting the evidence against exercise of a Constitutional right.

### 4. The People's burden of proof is for denial of a Constitutionally protected right is ludicrously low.

While § 26206(e) appears to require that the People bear the burden of showing by a preponderance of evidence that the applicant is a disqualified person, it does not.  § 26206(e) only requires The People to show by a preponderance that the applicant it is reasonably likely to be dangerous.  "The phrase 'reasonable likelihood,' we have explained, means something less than 'more probable than not." (E.g., *Martinez* v. *Superior Court* (1981) 29 Cal.3d 574, 578 [ 174 Cal.Rptr. 701, 629 P.2d 502].) But in view of the plain meaning of its words it must also mean something more than merely 'possible.'" *People v. Bonin*, 46 Cal.3d 659, 673, 250 Cal. Rprt. 687, 758 P.2d 1217 (Cal. 1988).  A higher burden is required in small claims.

### IV.  CONCLUSION.

---

[2] "[T]he licensing authority shall file any records or reports on which it relied in denying or revoking the license at issue with the superior court. The licensing authority may also, or instead, file a declaration that summarizes the information it relied upon in denying or revoking the license at issue." § 26206(d)(1).

PLAINTIFF'S SUPPLEMENTAL BRIEFING RE SB2

Should this Honorable Court deny the motion for a preliminary injunction, Plaintiff suggests that it be without prejudice to the renewal of a motion for preliminary injunction after January 1, 2023. Plaintiff also suggests a new scheduling order as the advent of changes in the firearm licensing regime will complicate trial preparations and there has been some difficulty with discovery issues.  Lastly, Plaintiff believes that the intervention of the Court may lead to a just settlement.

Dated October 20, 2023.

/s/ Richard J. Koppel
RICHARD J. KOPPEL
*Pro Se*

Certificate of Compliance with L.R. 11-6.2

The undersigned Pro Se certifies that this memorandum of points and authorities contains 1847 words, exclusive of this certificate, which complies with the word limit of L.R. 11-6.1.

Dated October 20, 2023.

/s/ Richard J. Koppel
RICHARD J. KOPPEL
*Pro Se*

# CERTIFICATE OF SERVICE

## BY CM/ECF

**Case Name:   Richard J. Koppel v. Robert Bonta, et al.**

**Case No. 8:23-cv-00813 (C.C. Cal.)**

I hereby certify that on October 20, 2023, I electronically filed the following document with the Clerk of the Court by using the SM/ECF system:

NOTICE OF AND PLAINTIFF'S SUPPLEMENTAL BRIEFING REGARDING THE EFFECT OF SB2 ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

I certify that **all** participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that this Declaration was executed October 20, 2023, at Lake Forest, California.

/s/ *Debra C. Koppel*

DEBRA C. KOPPEL
Declarant