UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RICHARD J. KOPPEL,<br><br>Plaintiff(s),<br><br>v.<br><br>ROBERT BONTA et al.,<br><br>Defendant(s). | Case No. SA CV 23-00813-GW (DFM)<br><br>Report and Recommendation of United States Magistrate Judge |

This Report and Recommendation is submitted to the Honorable George H. Wu, United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I. INTRODUCTION

Plaintiff Richard J. Koppel is an adult resident of California who has been denied a concealed carry weapon ("CCW") license. Before the Court is Plaintiff's motion for a preliminary injunction enjoining California from enforcing its CCW licensing regime.

The Court held a hearing on November 14, 2023. For the reasons set forth below, the Court recommends that Plaintiff's motion be DENIED.

## II. STATUTORY BACKGROUND

### A. Current Framework

California Penal Code section 25400 criminalizes carrying a concealed firearm. "Section 25400 does not apply to, or affect, the carrying of a pistol, revolver, or other firearm capable of being concealed upon the person by a person who is authorized to carry that weapon in a concealed manner pursuant to Chapter 4," which are the provisions for applying for a CCW license. Cal. Penal Code § 25655.

California law authorizes sheriffs and chiefs of police to issue CCW licenses. See id. §§ 26150(b)(1), 26155(b)(1). To obtain a CCW license, an applicant must establish that he or she is of good moral character, a resident of the relevant county, and has completed a course of training. See id. §§ 26150(a), 26155(a).[1] Issuing authorities may also require psychological testing. See id. § 26190(f). An applicant is notified in writing whether the application is approved or denied within 90 days of the initial application or within 30 days after receipt of the criminal background check from the California Department of Justice, whichever is later. See id. § 26205. The license is valid for two years. See id. § 26200.

---

[1] Sections 26150(a) and 26155(a) also include a "good cause" requirement, but it is no longer enforced after the Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111 (2022) ("Bruen"). The day after Bruen was decided, the California AG issued a bulletin instructing issuing authorities not to enforce the good cause requirement but to continue enforcing all other requirements to obtain a CCW license, including the "good moral character" requirement. See Dkt. 29-1, Sanchez Decl. ¶ 5, Ex. A at A-2. The AG noted that "good moral character" is "a distinct question that requires an independent determination." Id.

**B.    Senate Bill 2**

Senate Bill 2 ("SB 2"), which will become effective on January 1, 2024, will substantially modify California's CCW licensing scheme. As relevant here, SB 2 will remove the good moral character and good cause requirements, and direct that issuing authorities "shall issue or renew" a CCW license upon proof that the applicant is not disqualified under section 26202, over twenty-one, a resident of the relevant city, has completed a course of training, and is the recorded owner of the firearm. See Cal. Penal Code §§ 26150(a), 26155(a) (Deering 2022).

Under amended section 26202, a person is disqualified from receiving or renewing a CCW license if the applicant is reasonably likely to be a danger to self, others, or the community at large, as shown by the results of any psychological assessment or other specified factors. See id. § 26202. Other disqualifying criteria include being subject to a restraining or protective order within the last five years, certain convictions within the last 10 years, use of a firearm in a reckless manner, and current abuse of controlled substances. See id. SB 2 also adds an appeal process that allows an applicant to contest, at a court hearing, any decision denying a license. See id. § 26206.

### III.    PROCEDURAL BACKGROUND

On May 9, 2023, Plaintiff filed this lawsuit against Robert Bonta, in his official capacity as Attorney General of the State of California, and Don Barnes, in his official capacity as the Sheriff-Coroner of Orange County (collectively, "Defendants"). See Dkt. 1. Plaintiff alleges that California's CCW laws violate the Second and Fourteenth Amendments, and that the lack of appeal and psychological testing requirement violate the Fifth Amendment.

Plaintiff has applied three times for a CCW license. Plaintiff's first and second applications were denied for lack of good moral character after failing

3

the psychological examination, and his third application was considered withdrawn after he did not complete the psychological testing requirement.

On August 14, 2023, Plaintiff moved for a preliminary injunction enjoining Defendants from enforcing California Penal Code sections 25400, criminalizing public carry; 26150(a), providing that an issuing authority "may issue" a CCW license; 26150(a)(1), the "good moral character" requirement; and 26190(f), compelling psychological testing. See Dkt. 19. Defendant Barnes filed an opposition, see Dkt. 29, as did Defendant Bonta, see Dkt. 30. Plaintiff filed a reply. See Dkt. 31.

On October 20, 2023, the Court ordered the parties to submit supplemental briefing regarding the effect of SB 2 on Plaintiff's motion. See Dkt. 34. The Court noted that the changes brought about by SB 2 appeared to provide Plaintiff with most, if not all, of the injunctive relief he seeks. See id. Those briefs have been filed. See Dkts. 37 (Bonta), 40 (Barnes), 42 (Plaintiff). Defendants argue that SB 2 has mooted Plaintiff's motion. Plaintiff disagrees, but suggests that if the Court deny his motion, it be without prejudice to being re-filed after January 1, 2024, once California's new CCW regime goes into effect.

The Court held oral argument on November 14, 2023. At the hearing, Defendant Barnes's counsel informed the Court that Plaintiff had completed the psychological examination on October 24, 2023, and the Sheriff's Department was notified that he passed the examination on October 30, 2023. Counsel further explained that Plaintiff's third application was now considered "reopened," and that the Sheriff's Department would render a decision within ninety (90) days, as required under the current statutory framework. See Cal. Penal Code § 26205.

## IV. DISCUSSION

The Court's jurisdiction under Article III is limited to cases and controversies. See U.S. Const. art. III, § 2, cl. 1. A dispute is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. Ordinarily, "the repeal, amendment, or expiration of challenged legislation is generally enough to render a case moot and appropriate for dismissal." Bd. of Trustees of Glazing Health and Welfare Tr. v. Chambers, 941 F.3d 1195, 1198 (9th Cir. 2019); see also Lewis v. Cont'l Bank Corp., 494 U.S. 472, 478 (1990) (legislature's passage of amendments rendered case moot); Burke v. Barnes, 479 U.S. 361, 363 (1987) (expiration of legislation rendered case moot); Kremens v. Bartley, 431 U.S. 119, 127-28, (1977) (legislature's repeal and replacement of legislation rendered case moot); Qwest Corp. v. City of Surprise, 434 F.3d 1176, 1182 (9th Cir. 2006) ("[T]he newly enacted ordinances resolve the dispute before the court and extinguish the once live case or controversy.").

The Supreme Court recently confirmed this framework, holding that legislative amendments to New York's firearm licensing statute, enacted after commencement of litigation, rendered moot a Second Amendment challenge to the original law. See N.Y. State Rifle & Pistol Ass'n v. City of New York, 140 S. Ct. 1525, 1526 (2020). Importantly, the Supreme Court clarified that "where the mootness is attributable to a change in the legal framework governing the case, and where the plaintiff may have some residual claim under the new framework that was understandably not asserted previously, our practice is to vacate the judgment and remand for further proceedings in which the parties may, if necessary, amend their pleadings or develop the record more fully." Id. (quoting Lewis, 494 U.S. at 482-83).

Under these principles, SB 2 moots Plaintiff's motion for a preliminary injunction, superseding the challenged CCW licensing statute and replacing it

with one that is significantly different. Plaintiff's motion takes aim at California's "may-issue" licensing regime, including the good moral character requirement, uncertainty regarding psychological testing, and lack of an appeals process. See Dkt. 19. SB 2 transforms these challenged aspects of California's licensing regime, fundamentally altering the "legal framework" at issue in Plaintiff's motion. See N.Y. State Rifle & Pistol Ass'n, 140 S. Ct. at 1526. Once the world welcomes 2024, California will become a "shall-issue" state. No longer will there be a "good cause" or "good moral character" requirement, and an appeals process will be added. Anything but similar, SB 2's changes bear directly on Plaintiff's challenge, eliminating the chief offending features of the current CCW licensing regime, and bringing it more closely into line with those cited with approval by the Supreme Court in Bruen.

Plaintiff argues that his prayer for nominal damages alone prevents a finding of mootness. See Dkt. 42 at 6. Plaintiff is, at best, half-correct: the action itself may not be entirely moot, but his request for injunctive relief still may be. Indeed, Plaintiff's cited case says just that. See Lokey v. Richardson, 600 F.2d 1265, 1266 (9th Cir. 1979) (claim for injunctive relief mooted, but case was not moot because of prayer for nominal damages).[2] Plaintiff also argues that California's CCW licensing scheme will remain substantially

---

[2] On October 28, 2023, Plaintiff filed a "Notice of Additional Supplemental Authority," attaching the order and opinion of Joseph Srour v. New York City, --- F.Supp.3d ---, 2023 WL 7005172 (S.D.N.Y. Oct. 24, 2023). There, Plaintiff challenged prior and current versions of New York City Administrative Code sections pertaining to firearms. The district court found that because Plaintiff was injured by the pre-amendment provisions and sought compensatory damages, he had standing to challenge them. See id. at *10. As to the remedy, however, the court concluded that an injunction or declaration as to the pre-amendment provisions was "neither necessary nor appropriate, as those provisions are no longer in effect." Id. at *22. As the Court reads it, Srour is consistent with the path taken in this Report and Recommendation.

similar, and that the appearance of differences "is smoke and mirrors." Id. The Court cannot agree. As noted above, the switch from a "may issue" to "shall issue" regime, on its own, is the sort of fundamental legal change that makes judicial review of the prior legislation anathema to the Court. See N.Y. State Rifle & Pistol Ass'n, 140 S. Ct. at 1526.

The facts that came out during oral argument also give rise to significant concerns about whether it is appropriate at this stage to enter an injunction. As the Court learned during oral argument, the Sheriff's Department intends to render a decision on Plaintiff's recently reopened application within ninety days from October 30, 2023, when the Sheriff's Department was informed that Plaintiff had passed the psychological examination. The facts in this case would require the Court to speculate about whether the Sheriff's Department will approve or deny Plaintiff's now-reopened CCW application, and if denied, the reasons given. Because "further factual development would significantly advance [the Court's] ability to deal with the legal issues presented," the Court cannot conclude that Plaintiff's request for injunctive relief is fit for judicial decision. Nat'l Park Hosp. Ass'n v. Dep't of Interior, 538 U.S. 803, 812 (2003) (internal quotation marks omitted).

In sum, the Court finds that Plaintiff's motion, which challenges a statutory scheme that will be significantly altered in little more than a month, and involves a recently reopened application, should be denied. As the Supreme Court has recently advised, however, in circumstances like this case, the moving party may wish to "amend their pleadings or develop the record more fully." Id. And Plaintiff asks that should the Court recommend denial, it be "without prejudice to the renewal of a motion for preliminary injunction after January 1, 202[4]." Dkt. 42 at 11.

The Court recommends following the Supreme Court's advice and granting Plaintiff's request. Plaintiff may file another motion for a preliminary

injunction, which targets some or all of SB 2. In fact, a purely facial challenge to SB 2 could be filed immediately. There are already two lawsuits challenging SB 2's "sensitive places" restriction. See May v. Bonta, C.D. Cal., No. 8:23-cv-01686, and Carralero v. Bonta, C.D. Cal., No. 8:23-cv-01798. Plaintiff may also wish to seek leave to file an amended complaint, depending on whether he decides to challenge SB 2. Plaintiff also suggests a new scheduling order. See Dkt. 42 at 11. The Court will cross that bridge once the District Judge has disposed of this motion.

## V. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Judge issue an Order: (1) approving and accepting this Report and Recommendation; and (2) denying Plaintiff's motion for a preliminary injunction as moot.

Under 28 U.S.C. § 636(b)(1)(C), any party may serve and file written objections within fourteen (14) days of service of this Report and Recommendation.

Date: November 16, 2023

DOUGLAS F. McCORMICK
United States Magistrate Judge